## Commonwealth ex rel. Butler *v.* Ervine, Appellant.

Argued October 4, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Morris C. Solomon,* with him *Solomon & Tolson,* for appellant.

*Joseph J. Cronin,* for appellee.

OPINION BY HIRT, J., November 13, 1956:

This habeas corpus proceeding was brought by the relatrix, the maternal grandmother of a six-year-old boy, seeking partial custody of the child from its father. The respondent James Ervine and Dolores Butler were married on July 10, 1948 and from that date they lived with her parents until the death of the wife on February 25, 1951. The child in question was born on January 10, 1950. Following his wife's death the respondent, with the child, continued to live in the home of the relatrix until his remarriage on March 17, 1953. Shortly thereafter the grandmother turned the child over to the respondent and his second wife and, with their consent, the relatrix visited the child daily. Two children were born of the second marriage and during the confinement of their mother the child was placed by her and the respondent with relatrix for three weeks on each occasion. The grandmother also had the child in 1954 for the period of two weeks. Relatrix continued to see the child frequently thereafter until June 23, 1955 when the respondent's wife, following an altercation with relatrix forbade further visitation. The respondent joined her in the ultimatum.

In this proceeding the issues were restricted to the fitness of the grandmother and the best interests of the child. Since relatrix sought only visitation privileges, the comparative fitness of the respondent and his wife was not in issue and was not questioned.

The lower court, after hearing, in its final order on April 2, 1956, gave the right of visitation to the relatrix, the maternal grandmother of the child, on alternate Sundays, from 11:00 a.m. to 6:00 p.m. In affirming the order we shall expect that the respondent and his wife will cease their obstructive conduct and will cooperate fully in complying with the order.

The child's father at the hearing attempted to establish that relatrix engaged in illegal practices and is not a fit person for that reason. The lower court did not believe respondent's testimony to this effect and found "as a fact that the grandmother is a fit and proper person and that the right of visitation would not in any way adversely affect the child." We are in agreement with this finding but even if we were not, we would be bound by it. We are not "free to nullify the fact-finding function of the hearing judge": *Com. ex rel. Harry v. Eastridge,* 374 Pa. 172, 97 A. 2d 350.

In addition to finding that the relatrix is a fit person, the lower court found that the child would receive positive benefits by continuation of the grandmother's contact with the child. In this connection Judge BURCH said: "We are convinced that the child loves his grandmother and would be happy in visits with her if it were not for interference by his stepmother, who obviously is making every effort to alienate the affection that the child has for his grandmother. In situations such as this, which unfortunately are not uncommon, the law recognizes that the relationship between grandparent and grandchild should be preserved and that a grand-

parent should not be deprived of the right of visitation unless there are sound and compelling reasons involving the welfare of the child", citing *Com. ex rel. Knouse v. Knouse et al.*, 146 Pa. Superior Ct. 396, 22 A. 2d 618 and other cases.

In a child custody case the burden on appeal is upon the appellant to establish that the order of the lower court is erroneous or that it is based on error of law. *Com. ex rel. Hubbell v. Hubbell*, 176 Pa. Superior Ct. 186, 107 A. 2d 388. Appellant has not met that burden in this appeal. In our view there is no error of law or even of fact in the disposition of the questions involved, by the lower court.

Order affirmed.