Commonwealth ex rel. Bender *v.* Bender,
Appellant.

Argued December 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before VAN RODEN, P. J., specially presiding.

*Melvin G. Levy,* with him *McClenachan, Blumberg & Levy,* for appellant.

*Paul R. Sand,* with him *Philip J. O'Malley,* for appellee.

OPINION BY WOODSIDE, J., March 21, 1962:

This appeal involves the custody of Denise Maureen Bender now age 11, and John Albert Bender, Jr. now age 9. The father of these children is appealing from an order of the Court of Common Pleas of Delaware County (VAN RODEN, P. J., Orphans' Court specially presiding) which transferred their general custody from him to their mother, Harriet Bender.

The evidence elicited at the hearing immediately prior to this order presents very little factual dispute. The mother who is now 34 years of age, lives in Medford Lakes, New Jersey, and has been residing there with her sister since May 1956. She is presently employed as a nurse at the West Jersey Hospital in Camden, New Jersey. Her parents live within a short distance of her home, and the children, when in the mother's care, frequently visit them. She is a devout Catholic and expressed an intention to send the children to a parochial school located a short distance from her home. There is every reason to believe that the environment which she has to offer these children will be beneficial to their happiness and well being. Both children have voiced a preference to be with their mother, although they say that they love their father very much and would prefer to live with both parents.

The father is a medical doctor who has been engaged in the general practice of medicine since 1943. His office is in his home. A housekeeper takes care of the

children while he is engaged in his practice. He lives in Havertown, Delaware County in a good neighborhood, and the children attend a parochial school which is within walking distance of their home. Both children do extremely well in school. During the 1960-61 school year, John was first in his class, and Denise was vying for top honors. The court below found the children to be happy and well adjusted. The father has had the children since 1956, and there can be no question that he has done well in rearing them.

The parents in this case were divorced in May 1956; neither has remarried. On August 1, 1956, the mother instituted proceedings to obtain general custody of the children. The court, with President Judge VAN RODEN presiding, after a hearing, granted general custody of the children to the father because of the mother's illness. There was considerable evidence at this hearing relative to her health. Her husband testified that she used narcotics and was an excessive drinker. The wife denied these accusations, and offered the testimony of Dr. George Rodgers who made a neuropsychiatric examination of Mrs. Bender at her request. It was his opinion that the mother was neither a user of drugs nor an alcoholic, but that she suffered from psycho-motor seizure. He also believed that she was of an emotionally unstable temperament. The mother now appears to be completely cured and to be emotionally stable.

At the hearing prior to the order of September 15, 1961, two expert witnesses, qualified in the field of psychiatry and neurology, testified that she was cured of the psycho-motor seizures and that she had a well adjusted personality. Their unequivocal opinion was that she was competent to take care of her children. The mother testified that her last seizure occurred in December of 1956. The only evidence to dispute this was the husband's testimony that because of her emotional instability there is a possibility of regression.

There is no need to discuss further this aspect of the case. Both parents can provide an adequate environment for their children.

The appellant-father contends that the court below erred in transferring custody from him to the mother without a change in circumstances which adversely affected the well-being of the children while under his control. He argues that since the children are both doing well, a transfer of custody amounts to no more than an "experiment". We cannot accept this contention. There has been a change of circumstances which will affect the well-being and happiness of these children. The mother has now recovered from her illness and is capable of taking care of her children.

As has been so often reiterated, the paramount consideration in a custody proceeding is the best interest and welfare of the children involved. *Commonwealth ex rel. Newel v. Mason,* 186 Pa. Superior Ct. 128, 140 A. 2d 365 (1958). The court below found that it is for the best interest of these children to be in the custody of their mother. We find no reason to disagree.

It is well established that children of tender years should be placed in the care and custody of their mother. This principle is given great weight with children of tender years because nothing can take the place of a real mother's love. *Commonwealth ex rel. O'Hey v. McCurdy,* 196 Pa. Superior Ct. 79, 173 A. 2d 672 (1961). The children in this case are of tender years. *Commonwealth ex rel. Skurat v. Gearhart,* 178 Pa. Superior Ct. 245, 249, 115 A. 2d 395 (1955). However, as children grow older less weight must be given to the tender years doctrine and more weight must be given to the preference of the children. There are some cases when, because of the age of the children involved, only one of these doctrines is applicable. In this case both were properly given some consideration in the decision, for the children are still young enough to have some

weight given to the tender years doctrine and old enough to have some weight given to their preference.

The appellant contends the court below placed too much weight upon the fact that the children voiced a preference to be placed in the care of their mother. This contention is without merit. In its order of September 15, 1961, the court stated: "The fact that both children have consistently requested the court to award their general custody to their mother is, of course, not conclusively binding upon the court, particularly in view of their tender ages. We are aware of the well-recognized psychological tendency of such young children to change their minds and desires from time to time."

Although the children have been in the custody of their father for the past five years, the mother's visitation rights have been continuously increased during that period. Since March 2, 1960, she has had the children every week-end, four weeks during the summer, and for the holidays an alternating system of custody was established.

During these periods of visitation with their mother, the children have formed friendships with other children their own age. They have, in a sense, formed roots in two communities.

As the court below pointed out, this increased custody must be considered in analyzing the reasons for the splendid development of these children.

The appellant's last contention is that only unusual circumstances justify a court in placing these children beyond its jurisdiction. To support this view the appellant cites *Commonwealth ex rel. Buell v. Buell,* 186 Pa. Superior Ct. 468, 142 A. 2d 338 (1958). In that case, at page 471, the Court stated: "Moreover it is important that normal relationships of the child with both parents be maintained and for that reason alone only unusual circumstances can justify the placing of

the child beyond the jurisdiction of the court making the order." In the case before us, the mother has had custody of the children in New Jersey during weekends for over a year. She has further had the children in New Jersey for weeks at a time during the summer. She has always complied with the orders of the court. Placing the children in her custody in Medford, New Jersey, is not likely to unduly limit the relationship of this father to his children.

"The burden is upon the appellant to establish that the order of the court below is erroneous or that it is based upon error of law, Commonwealth ex rel. Butler v. Ervine, 182 Pa. Superior Ct. 179, 182, 126 A. 2d 512 (1956)." *Commonwealth ex rel. Wagner v. Wagner*, 193 Pa. Superior Ct. 40, 41, 163 A. 2d 708 (1960). A thorough review of the record, which spans a five year period, convinces us that President Judge VAN RODEN has committed no such error.

This was a difficult case for President Judge VAN RODEN to decide. He was the hearing judge from the time these proceedings were initiated. He has painstakingly reviewed these proceedings and has had the opportunity to evaluate these parties.

We cannot hold that his decision was erroneous or based on an error of law.

Decision affirmed.