Commonwealth ex rel. Doberstein, Appellant,
*v.* Doberstein.

Argued March 22, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Conrad G. Moffett,* for appellant.

*Roy Pressman* and *Marlyn F. Smith,* with them *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY WATKINS, J., June 12, 1963:

This is an appeal from the order of the Court of Common Pleas of Montgomery County, in a habeas corpus case, denying the petition brought by Eileen Doberstein, the appellant relatrix, mother of the minor children, Mary Eileen and Margaret, age 13 and 9, respectively, and awarding their custody to their father, Fred J. Doberstein, the appellee respondent.

The mother is 35 years of age. She resides at Yardley and Langhorne Roads, Woodside, Pennsylvania. She is employed as a nurse at the Mercer Hospital in Trenton, New Jersey and earns approximately $5000 yearly. The father is employed as a maintenance machinist leader at Philadelphia Gear Corporation and earns approximately $170 per week.

The parties were married on November 29, 1948. On May 15, 1958 the mother left the marital home while the father was away on two weeks active duty with the Naval Reserve. She took Mary Eileen with her and left Margaret in the care of relatives with instructions to turn her over to the father. Margaret is a mentally retarded child. On August 18, 1958 the mother obtained a divorce in Nevada. The father has had sole custody of Margaret since May of 1958.

After obtaining her divorce in Nevada, she returned to this area and lived in a one bedroom apartment in Collingswood, New Jersey, where she and Mary Eileen lived until June of 1959. On June 14, 1959 the father took Mary Eileen from this home to his own home and refused to return her. Subsequent negotiations made for visitation rights through the court were never satisfactorily concluded.

In March of 1960 the mother married Lawrence G. Lancaster whose name appears in the record as the one responsible for the separation of the parties. This was

his second marriage. He is employed as a guard at the institution for the criminally insane at Trenton, New Jersey and earns $4800 annually. There are no children of this marriage and Lancaster had no children by his prior marriage.

On August 13, 1960 the father married his present wife, Jackie Doberstein, who has two children by her prior marriage, Alan and Neal, age 12 and 10, respectively. The father adopted these children and a child was born January, 1962 to this marriage.

It was not until the summer of 1961, some three years after leaving her husband and Margaret and two years after the father had obtained custody of Mary Eileen that the mother made her effort to obtain custody of the children. In the meanwhile the father had established a new home in Douglasville, Berks County, Pennsylvania, for the children of his first marriage, the child of his second marriage and the adopted children. They live together in a thirteen room farm house.

As we said in *Com. ex rel. Dinsmore v. Dinsmore*, 198 Pa. Superior Ct. 480, 182 A. 2d 66 (1962) : "In determining the custody of children the paramount question to which all other recognized policies of the law as to custody, including the above, are subordinated, is the welfare of the children. 'It is basic and fundamental that the paramount consideration is the welfare of the children and that all other considerations, including the rights of parents, are subordinate to the children's physical, intellectual, moral, spiritual and emotional well being.' Com. ex rel. McNamee v. Jackson, 183 Pa. Superior Ct. 522, 525, 132 A. 2d 396 (1957). And this Court, in considering an appeal from an order awarding custody, should give great weight to the opinion of the hearing judge who had the opportunity of seeing and hearing the witnesses, judging their credibility, seeing and talking with the minors, and is in a much better position to determine what is best for the

welfare of the children. Com. ex rel. Mitchell v. Mitchell, 186 Pa. Superior Ct. 347, 142 A. 2d 304 (1958)."

The court below had this to say concerning Margaret that bears great weight with this Court: "The respondent and his wife have given loving attention to Margaret, who presents an extraordinary instructional problem. Margaret is receiving the specialized teaching which she needs and she is progressing. It would be ill-advised to uproot her from her present routine and course of instruction, and to place her in the custody of her mother, who, to all practical intents and purposes, abandoned Margaret on May 15, 1958, and who thereafter showed no interest in obtaining custody of Margaret until the institution of this action. If all other things were equal, the Court would be understandably hesitant to take custody away from the father, who has had the full responsibility of Margaret's upbringing since the mother abandoned her and who has ably demonstrated his real love and affection for the child. See Com. ex rel. Hough v. Hough, 178 Pa. Superior Ct. 484, at 489 (1955)."

The court below also indicated that there was doubt as to the fitness of the mother's home by saying: "The indiscretions of the relatrix' husband prior to marrying the relatrix are such as to raise a serious question of the advisability of having the children reared in the house of which he is the head." And further, "Finally, the accommodations which the respondent has for his two girls are preferable to those of the relatrix."

The mother contends that the needs of Mary Eileen and her welfare as a child of tender years is best served by placing the award of custody in the mother. It is true that it has been held many times to be the policy of the law that custody of children of tender years should be awarded to their mother. However, we have also held in many cases that this principle is always subject to the paramount consideration of the welfare

of the children. *Com. ex rel. Bendrick v. White,* 403 Pa. 55, 169 A. 2d 69 (1961) ; *Com. ex rel. Keer v. Cress,* 194 Pa. Superior Ct. 529, 168 A. 2d 788 (1961) ; *Com. ex rel. Willouer v. Willouer,* 192 Pa. Superior Ct. 625, 162 A. 2d 56 (1960). In Mary Eileen's case, the "children of tender years" policy comes in conflict with the policy concerning a child's preference. Here, she indicated a strong desire to remain with her father. The tender years policy also comes in conflict in this case with the policy of the law to keep children of a family together. It may be true that the preference of a child of tender years should not be given great weight and it is admittedly difficult to fix the exact age limitation for tender years. It surely should remain in the discretion of President Judge FORREST of the court below, who had the opportunity of seeing and hearing the minor child; of judging her intelligence and age development; and by so doing, being in the best position to determine the weight her preference should be given. *Mitchell v. Mitchell,* supra.

We have carefully reviewed the facts in this record and are satisfied that the decision of the court below was based on the sober judgment that the best interests of these children were served by remaining with their father; and that in deciding this, the established custody guides of fitness of the parties, preference of the minors, the children of tender years policy and the policy of keeping the family together, were all carefully weighed and balanced against the paramount question of the welfare of the children.

Order affirmed.