## Clair Appeal.

Argued June 18, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert H. Arronson,* with him *Herbert H. Hadra,* and *Maurice Freedman,* for appellant.

*John R. Miller,* for appellee.

Opinion by Cercone, J., September 21, 1971:

This is an appeal from a child custody order of the Court of Common Pleas of Centre County. The appellee, Dr. Gerald F. Clair, the petitioner for custody below, and the appellant, Sylvia S. Clair, are the parents of two children: Lynor, age 14, a girl, and Lee, age 13, a boy. After sixteen years of marriage, the parties separated and now live apart, the father remaining at the family home in State College, and the mother having moved to Philadelphia.

The trial court held a comprehensive hearing lasting two full days, on this matter and, in the process, compiled an extensive record of over 430 pages. The parties were given ample opportunity to testify themselves, to offer other witnesses, and to present any evidence they felt was relevant. As is usual in these cases, each party sought to show instances of impropriety on the part of the other spouse in an effort to show that the offending party would be an improper custodian for the minor children. The court interrogated the children themselves in chambers in the presence of counsel for each of the parents.

The lower court, after hearing all of the evidence, found that both parents were fit to have custody of the children and that both could provide adequate housing accommodations for them. However, the learned trial

judge concluded that primarily due to a strained relationship existing between the two children and their mother, permanent custody would be more wisely vested in the father.

On appeal, our court is not bound by deductions or inferences made by the lower court (*Commonwealth ex rel. Gifford v. Miller*, 213 Pa. Superior Ct. 269, 248 A. 2d 63 (1968)), but must exercise an independent judgment based on the evidence presented *Commonwealth ex rel. Johnson v. Pinder*, 217 Pa. Superior Ct. 180, 269 A. 2d 511 (1970). The paramount question in custody cases is the welfare of the children. *Janflone v. Janflone*, 219 Pa. Superior Ct. 194, 280 A. 2d 423 (1971). Of course, an appellate court must always give great weight to the opinion of the trial judge who has the opportunity to see and hear the witnesses and judge their credibility and to talk to the children involved. *Commonwealth ex rel. Doberstein v. Doberstein*, 201 Pa. Superior Ct. 102, 192 A. 2d 154 (1963). We have thoroughly reviewed the record adduced in the lower court in the instant case and we must conclude, as did the lower court, that the father is the more proper custodian of the minor children, Lynor and Lee A. Clair.

These disputes are among the most difficult for any court to resolve. We must act with the knowledge that our decision will make one parent extremely unhappy but that it will also vitally affect the lives of the children in their most important formative years. It is our interest in the welfare of the children which controls our decision. Mrs. Clair points out that the court below found her to be a fit mother and asks us to recognize the strong presumption in favor of a mother's retention of custody in Pennsylvania. She also points out that her residence in Philadelphia, a two bedroom apartment in a nice neighborhood, was found by the lower court to be an adequate and satisfactory housing ac-

commodation for her and her children. We recognize these findings, however, we find strong countervailing factors which cannot be ignored.

The "tender-years" doctrine was recently thoroughly discussed by our court in *Commonwealth ex rel. Parikh v. Parikh*, 219 Pa. Superior Ct. 240, 280 A. 2d 621 (1971). Although the presumption in favor of a mother's custody is well established in our law through this doctrine, it must give way in certain circumstances. As our court stated in *Commonwealth ex rel. Bender v. Bender*, 197 Pa. Superior Ct. 397, 178 A. 2d 779 (1962), (a case involving two children aged 11 and 9): "However, as children grow older, less weight must be given to the tender years doctrine and more weight must be given to the preference of the children. There are some cases when, because of the age of the children involved, only one of these doctrines is applicable. In this case both doctrines were properly given consideration in the decision, for the children are still young enough to have some weight given to the tender years doctrine and old enough to have some weight given to their preference." Id. at 401-2, 178 A. 2d at 780-1.

We believe that the above reasoning must be applied in the instant situation. The lower court found as a fact that ". . . the children are now quite emotionally stable, intellectually brilliant and very mature and sensitive teenagers." We must take this finding into account when we evaluate the disposition of the children towards their parents. Both indicate a very strong preference for staying with their father, with whom they were residing at the time of trial. They express an equally powerful desire to avoid the custody of their mother. In fact, they state quite candidly that even though they realize it might be wrong, they would run away rather than stay with their mother.

Although the wishes of the children cannot be the only determinative factor, we have recognized many times that they deserve careful consideration. As our court said in *Commonwealth ex rel. McDonald v. McDonald*, 183 Pa. Superior Ct. 411, 132 A. 2d 710 (1957) (involving a 12-year-old boy) : "When a child of the age of the boy here involved is emphatic in his preferences, we must seriously consider the emotional effect upon him were he compelled to follow a course which he detests and fears. No desires are as strong nor fears as great as the desire and fears of youth. A twelve-year-old boy is an individual and reacts as one. His lack of control over his own destiny can be frustrating to the degree that it becomes emotionally disturbing and permanently harmful." Id. at 416, 132 A. 2d at 713. Thus, the strong feelings of Lynor and Lee cannot and should not be treated lightly considering the childrens' preference. The balance weighs heavily in favor of Mr. Clair.

Although the court below found that both parents could provide adequate housing, a review of the facts makes us inclined to strongly favor the State College location. Mrs. Clair has taken up residence in a two-bedroom apartment in a nice neighborhood in Metropolitan Philadelphia. The apartment complex has a pool and tennis courts, and is near boarding stables. While this sort of location is beyond the means of most citizens, it cannot compare with the home in State College.

All witnesses agree that the family home is an ideal place to live and grow up. It is an attractive large home, set on forty acres of ground. Each child has his own bedroom and bathroom and there is a fully equipped game room and an outdoor swimming pool. Each child has his own pony and each has a dog. There are many other animals and these pets have become a very important part of the lives of the Clair children. Lee enjoys hunting in nearby woods and fishing in a creek

which runs through the property. Lynor enjoys the facilities in a special sewing room in the house. Naturally, in the years of being in this area, the children have built up strong friendships with other children. In short, the removal of Lynor and Lee from such an idyllic setting cannot be lightly considered in determining custody.

The lower court found that Dr. Clair was a fit parent for the children and after reviewing the testimony, we must agree. We believe the lower court acted correctly in placing the children in the custody of their father.

Affirmed.