## Williams, Appellant, *v.* Williams.

Argued September 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John Markle, Jr.,* with him *Drinker, Biddle & Reath,* for appellant.

*Francis X. Hope, Jr.,* with him *Hope and Portnoff,* for appellee.

OPINION BY JACOBS, J., November 16, 1972:

This appeal involves the custody of two minor children, one a girl now 13 years of age and the other a boy now 8 years of age. The court below awarded the children to their father and their mother appeals. After careful consideration we reverse and remand.

The parties were married December 31, 1955. Their daughter Gwen was born February 5, 1959, and their adopted son Grant was born March 29, 1964. Mr. and Mrs. Williams lived together as husband and wife from the time of their marriage until September 29, 1971. During the 9 years immediately prior to September 29, 1971, they lived with their children at 528 Tory Hill Road, Devon, in Chester County. On September 29,

1971, the parties separated, the mother and children moving to an apartment in Devon. On October 22, 1971, the parties entered into a separation agreement providing, *inter alia,* that the mother should have general custody of the two children during their minorities[1] and that the parties could live separate and apart from each other at such place as each might choose.

On November 24, 1971, the mother took the children to Chicago to visit her mother over Thanksgiving Holiday. Instead of returning to Pennsylvania the mother decided to move to California. Leaving the children with her brother in Indiana, the mother returned to Pennsylvania and closed the apartment. She then picked up the children and went to California where she stayed with a cousin in Laguna Hills. The father flew to California, searched for and found the place where his wife and children were staying, waited until the children left for school in the morning, picked them up, and brought them back to 528 Tory Hill Road, Devon, on December 7, 1971. The mother promptly filed a petition for a writ of habeas corpus.

After a hearing, at which the mother, father, a physician, and several neighbors testified, it became apparent that both parents were fit parents and able to take care of the children. While recognizing the tender years doctrine, under which custody of young children is granted to the mother if she is a fit person, the court below felt that the best interest of the children would be served by awarding them to the father. Among the factors cited by the lower court, which apparently brought about its decision, were

---

[1] The paramount interest in child custody proceedings is the best interest and welfare of the children. The separation agreement giving custody to the mother must yield to that consideration. *In re: Minor Children of Rosenthal,* 103 Pa. Superior Ct. 27, 157 A. 342 (1931).

the following: (1) The mother's residence in California would prevent frequent visits by their father, (2) the uncertainty of the mother's plans, (3) the removal of Grant from a special school, (4) the mother's problems in disciplining Gwen, and (5) the preference of the children to remain with their father. The most important of these factors and the only one which standing alone would justify the award is the preference of the children.

In the recent case of *Clair Appeal*, 219 Pa. Superior Ct. 436, 281 A.2d 726 (1971), Judge CERCONE for this Court had occasion to weigh the tender years doctrine against the preference of the children. As was pointed out in that case, as the children grow older less weight must be given to the tender years doctrine and more weight must be given to the preference of the children. In that case we affirmed the award of a 14-year-old girl and a 13-year-old boy to their father. Gwen is now 13 and was almost 13 at the time of the hearing. While she could still be classed as of tender years[2] she has reached the upper limits of that classification. She appears to be a normal, intelligent child and we are satisfied that her preference would outweigh the tender years doctrine.

If Grant were to be considered apart from his sister, a different result might be reached because of his age. However, we are reluctant to separate a sister and brother particularly where they constitute all the children. In the absence of a compelling reason to the contrary we believe that these children should be raised together. *See Commonwealth ex rel. Martino v. Blough,* 201 Pa. Superior Ct. 346, 191 A.2d 918, *allocatur refused,* 201 Pa. Superior Ct. *xxvi* (1963); and *Common-*

---

[2] In *Commonwealth ex rel. Skurat v. Gearhart*, 178 Pa. Superior Ct. 245, 115 A.2d 395 (1955), we said that a child may be of tender years until about age 14.

*wealth ex rel. Johnson v. Johnson,* 195 Pa. Superior Ct. 262, 171 A.2d 627 (1961).

While the court below found that the children had expressed a preference to remain with their father, there is no record of any testimony by the children. Such testimony is necessary to support a finding of the children's preference where, as here, it is the principal reason for awarding them to their father. *See Commonwealth ex rel. Morales v. Morales,* 222 Pa. Superior Ct. 373, 294 A.2d 782 (1972).

Order reversed and case remanded for a new hearing and order consistent with this opinion.