Commonwealth ex rel. Bowser *v.* Bowser, Appellant.

*Terrence A. Signorella,* with him *Cooper & Signorella,* for appellant.

*Michael M. Mamula,* for appellee.

OPINION BY SPAULDING, J., March 27, 1973:

Appellant Clarence E. Bowser appeals from an order of the Court of Common Pleas of Butler County granting appellee Mary E. Bowser a writ of habeas corpus and awarding her custody of their daughter Mary Darlene, age ten.

The parties were divorced in January, 1967. They are the parents of two daughters, Susan, age 12, and Mary Darlene, age 10, the subject of these proceedings. Since their divorce, both parties have remarried. Each lives in Butler County with their new spouse and several children or stepchildren from their other marriages. As determined by the trial judge, concurred in by the caseworker for the Bureau of Children's Services, and admitted by the parties, both parents offer Mary Darlene a suitable home and environment in their new family settings.

Appellee mother had custody of both daughters until October, 1970, when custody of Susan, then 10 years of age, was awarded to appellant father, apparently based in large part on the lower court's conclusion that appellee's new (and present) husband had made an indecent advance towards Susan. Appellant also requested custody of Mary Darlene at that time, but

his request was denied. While the facts are disputed, it is clear from the record that since October, 1970, and especially for several weeks prior to June 2, 1972, Mary Darlene exchanged telephone calls with appellant and her sister Susan, despite appellee's objections. On that date she called her father to request that he meet her, left appellee's residence, and moved into appellant's home. She remained with him until the court below awarded custody to appellee, which order is the subject of the instant appeal.

Both parties testified below that they desired to have custody of the child and would provide a good home for her. Appellant's new wife testified in the same vein, but appellee's present husband did not appear at the hearing. The other children from both households also testified that they desired to have Mary Darlene live with them. The crucial testimony, however, was that of Mary Darlene herself, given in chambers, with counsel present, but not the parties, and appearing on the record.[1]

Mary Darlene appears to be a normal, bright 10-year-old who does quite well in school. She testified that she prefers to live with appellant and her natural sister, rather than with her mother. Her testimony in this regard did not waiver despite extensive questioning. She voiced her unhappiness with living in her mother's home and, in response to a question by the judge, indicated that she would be "quite unhappy" if she were required to live there. The child also enumerated several reasons for disliking her mother's present husband, including: his drinking, his fighting with and beating her mother, and his use of obscene language.

---

[1] The procedure followed by the trial court in taking the child's testimony as to her preference is exactly that which we have indicated is most appropriate. See *Williams v. Williams*, 223 Pa. Superior Ct. 29, 296 A. 2d 870 (1972) ; *Commonwealth ex rel. Morales v. Morales*, 222 Pa. Superior Ct. 373, 294 A. 2d 782 (1972).

She also stated that on one occasion he asked her to get him a can of beer, then said he did not want it and made her drink it. While we need place no particular reliance on any one incident, it is admitted by all that the gist of Mary Darlene's testimony is that she has a strong preference for living in her father's home where her natural sister Susan resides.

"On appeal, our court is not bound by deductions or inferences made by the lower court (Commonwealth ex rel. Gifford v. Miller, 213 Pa. Superior Ct. 269, 248 A. 2d 63 (1968)), but must exercise an independent judgment based on the evidence presented. Commonwealth ex rel. Johnson v. Pinder, 217 Pa. Superior Ct. 180, 269 A. 2d 511 (1970). The paramount question in custody cases is the welfare of the children. Janflone v. Janflone, 219 Pa. Superior Ct. 194, 280 A. 2d 423 (1971). Of course, an appellate court must always give great weight to the opinion of the trial judge who has the opportunity to see and hear the witnesses and judge their credibility and to talk to the children involved. Commonwealth ex rel. Doberstein v. Doberstein, 201 Pa. Superior Ct. 102, 192 A. 2d 154 (1963)." Clair Appeal, 219 Pa. Superior Ct. 436, 438, 281 A. 2d 726, 727 (1971).

As our Supreme Court recently stated: "It is well settled that the best interest of the child is paramount in contests between parents for custody of minor children. Cochran Appeal, 394 Pa. 162, 145 A. 2d 857 (1958); Com. ex rel. Graham v. Graham, 367 Pa. 553, 80 A. 2d 829 (1951). 'While it is generally held that, other factors being equal, a child of tender years should be with the mother, this rule is by no means absolute. Each case must finally rest upon and be determined by its own facts.' Commonwealth ex rel. McLeod v. Seiple, 193 Pa. Superior Ct. 131, 136 (1960). The mother's right to custody is not absolute, but must yield to the welfare of the child. Com. ex rel. Bell v. Bell, 200 Pa.

Superior Ct. 646, 189 A. 2d 908 (1963)." *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 107-108, 296 A. 2d 625 (1972). Accord, *Commonwealth ex rel. Rainford v. Cirillo,* 222 Pa. Superior Ct. 591, 296 A. 2d 838 (1972). Therefore, in the instant case we must balance the tender years' doctrine with the child's preferences for living with her father and the surrounding circumstances in determining her best interests.

In *Clair Appeal,* supra, we were also required to weigh the tender years' doctrine against the preference of children whose custody was sought. We there cited with approval *Commonwealth ex rel. Bender v. Bender,* 197 Pa. Superior Ct. 397, 178 A. 2d 779 (1962), standing for the proposition that as a child grows older, less weight must be given to the tender years' doctrine and more weight must be given to the child's preference.[2] Further, "[a]s our court said in Commonwealth ex rel. McDonald v. McDonald, 183 Pa. Superior Ct. 411, 132 A. 2d 710 (1957) (involving a 12-year-old boy) : 'When a child of the age of the boy here involved is emphatic in his preferences, we must seriously consider the emotional effect upon him were he compelled to follow a course which he detests and fears. No desires are as strong nor fears as great as the desires and fears of youth. A twelve-year-old boy is an individual and reacts as one. His lack of control over his own destiny can be frustrating to the degree that it becomes emotionally disturbing and permanently harmful.' Id. at 416, 132 A. 2d at 713." *Clair Appeal,* supra, at 440. The same is true in the instant case. As an intelligent 10-year-old, Mary Darlene is probably quite close to the youngest age at which a child's preference should carry such weight in determining custody. Still, when her preference is considered in conjunction with

---

[2] The children involved in *Bender* were ages 9 and 11 and the children involved in *Clair* were ages 13 and 14.

the other circumstances which her testimony reveals to exist in appellee's home (where appellee's new husband is present), we must conclude that her welfare would be best served by placing her in appellant's custody.

Finally, we note that among these "other circumstances", one which we consider to be of substantial importance is that awarding custody to appellant will allow Mary Darlene to realize her desire to live with her natural sister who is only two years older. Both girls testified that they desired to live together with the appellant. In several instances we have noted our reluctance to separate siblings and "[i]n the absence of a compelling reason to the contrary we believe that the children should be raised together. See Commonwealth ex rel. Martino v. Blough, 201 Pa. Superior Ct. 346, 191 A. 2d 918, *allocatur refused*, 201 Pa. Superior Ct. xxvi (1963); and Commonwealth ex rel. Johnson v. Johnson, 195 Pa. Superior Ct. 262, 171 A. 2d 627 1961)." *Williams*, supra, at 32, 33 n.1. The two girls were raised together and lived in the same household until the court's award of custody in 1970. Especially in view of the closeness in their ages, their desire to be reunited is thus understandable.

The order of the court below is reversed and the case is remanded for the entry of an order awarding custody to appellant consistent with this opinion.