Commonwealth ex rel. McIlwain *v.* McIlwain,
Appellant.

Argued November 15, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH,
JJ. (SPAULDING, J., absent.)

Before
O'KICKI, J.

*James B. Yelovich,* with him *Stephen P. Swem,* and
*Kimmel & Rascona,* for appellant.

*James R. DiFrancesco,* with him *DiFrancesco &
DiFrancesco,* for appellee.

Opinion by Hoffman, J., April 3, 1974:

This is an appeal from the Order of the Common Pleas Court of Cambria County awarding custody of a minor child to the wife-appellee and entering a support order of $150.00 a week for three children.

The parties were married on June 30, 1961. Three children were born of the marriage: James, presently age 10; John, age 8, and Timothy, age 5. On September 25, 1970, the wife-appellee left the marital domicile and went to Atlantic City, New Jersey. Approximately one week later, after the husband-appellant learned of her whereabouts, he had the three children taken to the appellee's residence in New Jersey. On or about October 25, 1970, the appellant took his two oldest sons, James and John, for a long weekend. On the following Sunday, the appellant returned the two boys to their mother, but when one son, John, expressed a preference to remain with his father, the appellee agreed that he could stay with his father. Thereafter, the appellee demanded the return of her son, and when the appellant refused, she instituted a habeas corpus action on December 28, 1970. After numerous delays and several hearings, the Court, on September 1, 1973, awarded custody of the 8-year old boy to his mother.

In the interim, on August 31, 1971, the appellee had obtained a support order for the two children living with her in the amount of $200.00 a month. In addition to awarding custody to the appellee, the Court modified the support order so as to include all three children, increasing the amount to $150.00 a week. It is from this Order that the instant appeal follows:

We have examined the record carefully and believe the lower court had an adequate basis for its decision. There was evidence that both the father and mother could provide a stable, secure and protective home environment. While the appellant could provide a more luxurious life for the child, the court determined

that the child should be returned to the mother for a number of valid reasons: (1) that the appellee's brother, with whom the mother and two sons had been living since the separation of the parties, had provided a happy and healthy home for the family and was willing to do the same for the third child; (2) that the Court was reluctant to separate minor children who are close in age by placing them in separate households; and, (3) because of the general proposition that where both the parents may equally provide for the welfare of the children, the "tender years doctrine" should operate whereby it is presumed that the children should remain with the biological mother (a child psychologist testified on behalf of the appellee saying that he believed that, all things being equal, a child of tender years should be with the mother). See, e.g., *Bowser v. Bowser*, 224 Pa. Superior Ct. 1, 302 A. 2d 450 (1973); *Williams v. Williams*, 223 Pa. Superior Ct. 29, 296 A. 2d 870 (1972).

Despite the fact that an increase of a support order from $200.00 a month to $150.00 a week is a substantial modification tripling the original award, the record fully supports such an increase. The original order was entered for the two minor children living with the mother. The modified order provides for the support of three children. At the time of the original order in 1971, appellant had an adjusted gross income of $8,070.00, while in 1972, his earnings had increased to $28,637.34. Although the appellant demonstrated an indebtedness of $9,638.68 to his corporate employer, it was established that he was the controlling owner of the corporation, McIlwain School Bus Lines, Inc., and that the corporation provided him with his home and transportation in the form of company vehicles. In addition, the appellant owns individually a number of investment properties, which while encumbered, provide significant rental proceeds. We are unable to say

that the court below did not weigh the evidence and testimony before it in a fair and reasonable manner. Absent a clear abuse of discretion, we will not disturb the order of the trial court. *Commonwealth ex rel. McNulty v. McNulty*, 226 Pa. Superior Ct. 247, 311 A. 2d 70 (1973).

The order of the court below is affirmed.