363 A.2d 1242
In re CUSTODY OF Tammy JoAnne
MYERS, a minor.

**Appeal of Mary Catherine NEEDHAM.**

Superior Court of Pennsylvania.
Argued March 8, 1976.
Decided Sept. 27, 1976.

Harry S. Geller, Chambersburg, for appellant.

David S. Dickey, Greencastle, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

Following a hearing on the matter, the lower court awarded custody of Tammy JoAnne Myers, a minor, to her paternal grandmother and step-grandfather. Appellant is the natural mother of the child involved. Although Charles Stephen Myers, the natural father, is listed as an appellee, he does not seek custody but rather contends that it should be awarded to the paternal grandparents. For the reasons which follow, we conclude that the lower court improperly deprived appellant of custody of her child. We will, therefore, reverse the order of the lower court and award custody of Tammy JoAnne Myers to appellant.

Appellant and Tammy's father were married in 1968. Tammy was born September 21, 1969, in Germany where her father was stationed while in the armed services. The father was transferred to Viet Nam in February, 1971, and appellant and the child returned to Chambersburg, Pennsylvania. Appellant and her husband did not again cohabit, and they were divorced on June 12, 1974. While still married to Charles Myers, appellant gave birth to another daughter on December 8, 1972. This child was fathered by one Gary McClure.

On July 5, 1974, appellant married Russell Needham, who was at the time on parole. Sometime after, Needham violated the conditions of his parole and was imprisoned. Since the last hearing before the lower court, appellant has given birth to a third daughter, fathered by Needham.

Until September, 1974, appellant alone cared for her two daughters. However, in September, 1974, appellees Mr. and Mrs. Brenner volunteered to take Tammy into their home in Waynesboro, Pennsylvania, and enroll her in the Head Start school program there. Tammy had been in the Chambersburg Head Start program the previous year. Appellant agreed to the proposal because she was working and was having difficulty hiring baby sitters for Tammy. The child was to remain with appellees during the school week and live with appellant over the weekends.

This arrangement proved satisfactory until January, 1975, when appellant received information that appellees were considering filing a petition to obtain permanent custody of the child. Appellant then refused to allow the child to return to appellees' house, but subsequently reversed this position. On January 17, 1975, appellees Mr. and Mrs. Brenner did file a petition for custody.

On February 4, 1975, upon stipulation of all parties, the lower court entered an order granting joint custody. This order was to remain in effect only until the end of the Head Start school term, at which time either party could petition the court for a change in the order without a showing of changed circumstances. On April 23, 1975, appellant filed a petition for undivided custody. A hearing on the matter was held on June 19, 1975.

The record clearly indicates that both parties have a genuine love and affection for the child and that both parties are vitally concerned with the child's best interests. The testimony also reveals that Tammy had adjustment problems in relation to her interaction with her peers and other people around her, and that she had experienced problems in performing at an acceptable level in school. In addition, there is an indication that her health was somewhat impaired when she first entered the Waynesboro Head Start Program. However, the child appears to be making definite progress and is now

adjusting to her environment. Tammy expressed a desire to remain with her grandparents.

After considering all the testimony, the lower court concluded that although appellant was not an unfit mother and that she has not intentionally done anything to adversely affect the welfare of the child, the child was not maturing as expected while she was with appellant. The court concluded that the child responded better while she was with appellees. On June 23, 1975, the lower court entered its order awarding custody to appellees Mr. and Mrs. Brenner. At the time of the hearing, the child was approximately five and one half years old.

■■ In child custody cases, it is axiomatic that the primary consideration is always the permanent welfare and best interests of the child. *Davidyan v. Davidyan,* 230 Pa.Super. 599, 327 A.2d 145 (1974). It is also axiomatic that our scope of review in such cases is of the broadest type. *Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Super. 144, 331 A.2d 665 (1974). Further, while we will not nullify the fact-finding function of the lower court, we are not bound by deductions or inferences made by the lower court from the facts as found. *Commonwealth ex rel. Bowser v. Bowser,* 224 Pa.Super. 1, 302 A. 2d 450 (1973). Applying the above rules to our review of the instant case, we must conclude that the lower court erred in failing to award custody to appellant.

■ At the outset, we emphasize that this custody dispute is not between natural parents but between a mother and a grandmother and step-grandfather. Compelling reasons must appear before a natural parent will be deprived of custody of her child. *Commonwealth ex rel. Harry v. Eastridge,* 374 Pa. 172, 97 A.2d 350 (1953); *Commonwealth ex rel. Gall v. Reed,* 202 Pa.Super. 558, 198 A.2d 344 (1964); *Commonwealth ex rel. Martino v. Blough,* 201 Pa.Super. 346, 191 A.2d 918 (1963). We

discern no compelling reason for depriving the natural mother of custody in the case at bar.

██ The record indicates the appellees Mr. and Mrs. Brenner are in a more financially advantageous position than is appellant. However, the record also indicates that the case worker who investigated both parties found that appellant "seems to manage extremely well" on her limited resources.[1] "Unless the income of one party is so inadequate as to preclude raising the [child] in a decent manner, the matter of relative incomes is irrelevant." *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa.Super. 229, 239, 312 A.2d 58, 64 (1973). The difference in income cannot be considered a factor where, as here, it is apparent that such a difference does not vitally affect the child's best interests and welfare.

██ We are also unpersuaded by the child's stated preference to remain with appellees Mr. and Mrs. Brenner. While the preference of the child is one factor to be considered in awarding custody, the weight to be accorded this preference will vary according to the age, intelligence, and maturity of the child. *Commonwealth ex rel. Bankert v. Children's Services,* 224 Pa.Super. 556, 307 A.2d 411 (1973). In any event, the preference of a five-and-one-half-year-old child is not binding upon the court and the effect to be given such a stated preference should not be unduly weighted. *Commonwealth ex rel. Pruss v. Pruss,* 236 Pa.Super. 247, 344 A.2d 509 (1975).

██ We also note that appellant presently has custody of her other daughters, Tammy's two half-sisters. These three children are sufficiently near the same age to benefit greatly from a joint upbringing. Again, in the absence of a compelling reason to the contrary, we believe that siblings should be raised together. *Commonwealth ex rel. Bowser v. Bowser, supra.* The half-sister status of

1. Appellant's only source of income is public assistance.

these children does not compel a contrary result for the purpose of the rules, as we perceive it, is to preserve as much as possible the whole family concept.

We are cognizant of the testimony which indicates that the child did not appear to be developing properly in appellant's home. However, we are impressed by appellant's obvious desire to aid the child in her school work and to personally supervise and stimulate her social, emotional, intellectual, and spiritual growth. These considerations are as important as physical well-being. *Commonwealth ex rel. Pruss v. Pruss, supra.* The lower court explicitly found appellant to be a fit mother. A conclusion that appellant cannot care for her child and that the child's best interests are best served by granting custody to one other than the natural parent cannot be supported by the record.

The order of the lower court is reversed and custody of the minor child, Tammy JoAnne Myers, is awarded to appellant.

SPAETH, J., files a concurring opinion.

WATKINS, President Judge and VAN der VOORT, J., dissent.

SPAETH, Judge (concurring).

I agree that Tammy should be with appellant but I arrive at that conclusion by reasoning different from the majority's.

The majority speaks in presumptions. It says that "[c]ompelling reasons must appear before the natural parent will be deprived of custody of her child," at, 1244, and that "in the absence of a compelling reason to the contrary, . . . siblings should be raised together," *id.* at 1244. I am wary of presumptions, and would resort to them only if necessary. *See Commonwealth ex*

*rel. Grillo v. Shuster,* 226 Pa.Super. 229, 312 A.2d 58 (1973). Resort is not necessary here.

In August and September of 1974 appellant spoke to the Brenners about Tammy. She told them that she was working and was having trouble getting a babysitter for Tammy, and she asked if they would care for Tammy for the school year. The Brenners said they would. It was understood that appellant would see Tammy on weekends, and that the Brenners were to have Tammy only until the end of the school year. In January of 1975 appellant heard that the Brenners "were getting up a petition to have Tammy taken from me." Thereupon she took Tammy back with her. Her former husband then visited her and said that "if I would send [Tammy] back then they would drop the case and do nothing about it." On this assurance, appellant returned Tammy. On January 17 (within less than a week, according to appellant's brief), the Brenners filed a petition for custody, and thereafter they cut appellant off the telephone when she spoke to Tammy, and refused to let appellant have Tammy for the weekend.

It is evident that the Brenners disapprove of appellant: She has been on probation for forgery; she has had children by three men, two of whom have been sentenced to prison; she is on relief. So thinking, they have taken Tammy by trick, kept her by force, and apparently with some success, have tried to turn her against her mother. I hope we never sanction such conduct. Might does not make right, and no interpretation of "best interests" should ratify oppression, no matter the oppressor's explanation. *Cf. Commonwealth ex rel. Blank v. Rutledge,* 234 Pa.Super. 339, 339 A.2d 71 (1975). Appellant loves Tammy. While she had her she took good care of her. She should have her back.