## Tobias v. Tobias

*Joseph A. Campagna,* for petitioner.
*Charles E. Duncan,* for respondent.

KREHEL, *P.J.,* March 10, 1978—A petition for writ of habeas corpus was filed on January 13, 1978, by Edna Tobias, birth-parent of Claire Tobias, Jr., born August 1, 1966, seeking a decree awarding temporary custody to her as petitioner, for the purpose of a visitation schedule. Respondent named is Claire Tobias, Sr., birth-parent, who was awarded custody after hearing on August 19, 1975.

Answer to this petition was filed February 21, 1978. At the hearing held on March 8, 1978, counsel for the parties agreed that any testimony offered

would be directed to the singular purpose of "Sunday" in the visitation schedule.

This court reminded the birth-parents of the policy adopted on visitations, which is akin to the well-taken policy in this Commonwealth on custody.

The birth-parents were further reminded by this court's guidelines on visitations as distributed from our domestic relations office, emphasizing that: "(2) Both parents are advised to adjust the hours or days scheduled for visits upon the reasonable request of the other parent, 'coupled with a portion of' (3) . . . urged to allow extra visits whenever possible." as well as "(9) No disrespectful remarks about the other parent should be made to the child or in the presence of the child by either parent or relatives or friends."

This court begins with the presumption that both parents love their child, or children, and that their sole concern is the same as the court's concern: the best interest and permanent welfare of such child, or children.

The interview with the child in the instant case, Claire Tobias, Jr., personally in chambers, gleaned one obvious factor in comparing and contrasting the testimony offered earlier by the birth-parents at hearing. One who observes a bright-eyed, curious, and nimble-minded 11-year-old, who responds quickly and honestly to queries on a range of subjects, gets the firm impression that, if he would like to stay until Sunday evening, then he should be allowed to do so. And on the flip side of this individual junior personality, if he desires to return to his father on Saturday evening, then he has had it for that week-end, and should not be discouraged from doing so.

The views of the respective birth-parents may differ as to what is "best" in each instance, but both views are subject to the determination of the court the "best interest and permanent welfare of each child." Act of June 26, 1895, P.L. 316, as amended, 48 P.S. §§91, 92.

A look at the pleadings in the instant case reveals the "view" of the respective birth-parent on what is "best."

For example, the mother-petitioner, in paragraph seven refers to the 1975 order of a prior judge stating, ". . . *liberal* visitation rights being granted to petitioner."

To which father-respondent, in paragraph four of his answer responded, "Paragraphs six, seven, and eight of the petition for writ of habeas corpus are admitted." The father thereby acknowledges *liberal,* or "the most" of the week-end, and how much is most from Friday to Sunday night?

In looking further in the answer, at paragraph six ". . . on *alternate* Sundays petitioner has had visitations from Saturday through Sunday." This response refers to paragraph 12 of the petition, "The petitioner has been allowed visitations from Friday through Saturday."

This brings our reasoning back to the "singular purpose of Sunday" as the destined purpose of the hearing of March 8, 1978, and a glimpse into chambers and the court's discussion with the tug of attention, Claire Tobias, Jr. At one point, he stated simply, "Sometimes I'd like to stay over to Sunday, but couldn't."

Shouldn't he have that option on the liberal week-end from Friday through Sunday? He only asked for "sometimes." And he will be granted it.

Pennsylvania law provides that a birth-parent

has a right to visit with his or her child, or children. This court functions on the premise that both birth-parents love their child, or children, and our sole concern is the welfare of the child.

It is essential that birth-parents learn to communicate with each other concerning the product of their prior union, their child, or children. Their child, or children, needs or need, the love and security of both birth-parents.

This court so stated in Bogart v. Bogart, no. 614, May term, 1975, in an opinion of December 27, 1976, 49 Northumb. 117. This court further amplified and re-emphasized our policy in custody and visitation matters in Com. ex rel. Swanger v. Swanger, July 15, 1977, no. CV-77-1013, 49 Northumb. 224.

Pointedly, in his remarks to the court, Claire Tobias, Jr., made a preference when he said, "Sometimes I'd like to stay over to Sunday . . ." We held in Hine v. Snyder, no. 468, September term 1976, in an opinion filed December 13, 1976, following the case law of Clair Appeal, 219 Pa. Superior Ct. 436, 281 A. 2d 726 (1971), and Carlisle Appeal, 225 Pa. Superior Ct. 181, 310 A. 2d 280 (1973), that although express wishes of children are not controlling in child custody cases, here in temporary custody or visitations, they do constitute a factor which should be carefully considered. We must take into account the child's age, usually eight or above, maturity and intelligence, with sound reasons for the preference.

In the instant case, Claire, Jr., was 11 last August, conducted himself with a relaxed and measured pace, manifesting both maturity and intelligence. His was a "sometimes" preference for "Sunday." The availability to exercise that option

should be and will be open for him. Accordingly, looking at the whole of the record of pleadings, testimony, and interview, and mindful of the aforegoing reasoning for this decision, this court enters the following

### ORDER

And now, March 10, 1978, the prayer of petitioner, Edna Tobias, is granted in awarding "temporary custody," or a visitation schedule which includes "Sunday" in the alternating week-end of the already set pattern, so that Claire Tobias, Jr., shall have available to him the period from Friday through Sunday, if he "sometimes" chooses to remain.