Commonwealth ex rel. Bell, Appellant, *v.*
Bell.

Argued March 21, 1963. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Harold Diamond,* for appellant.

*David H. Kubert,* with him *Henry I. Jacobson,* for appellee.

OPINION BY FLOOD, J., April 18, 1963:

The relator has appealed from the order of the court below dismissing her petition for custody of her children. The order accorded her visitation rights at least twice weekly and the dismissal of the petition was expressly made "subject to future order of the court". The opinion of the court below makes it clear that it intends to re-examine the matter whenever the mother has testimony to present showing that the welfare of the children calls for a modification of the order.

In this appeal the mother argues that since the children are of tender years—the older nine and the younger one year old at the time of the hearing—their place is with her. She contends that the testimony does not show that she is unfit to care for them or that the environment in which she would place them is unfit for their care and rearing, and since no compelling reasons to the contrary are shown, the principle that children of tender years should be placed in the custody of their mother should govern.

There are conflicts in the testimony on several points. In custody cases, as in others, the question of credibility is for the trial judge. The experienced hearing judge has found the mother to be emotionally disturbed. While he has found that the father is also emotionally disturbed, he awarded custody to him because he concluded that "the probability of the children receiving regular protection, steady guidance and con-

tinuous care" in the environment in which the children will find themselves with him and with the paternal grandparents would be greater than in the environment in which the mother will place them.

We have carefully considered the testimony. The burden is upon the appellant to establish that the order of the lower court is erroneous or that it is based upon error of law. *Commonwealth ex rel. Bender v. Bender,* 197 Pa. Superior Ct. 397, 178 A. 2d 779 (1962). We agree with the hearing judge that the evidence indicates that despite the age of the grandparents, who are both above seventy, the atmosphere in the home of the father and his parents is more promising for the proper upbringing of the children than that of the mother. She is occupying a room in the home of her sister, where the sister lives with her husband, two sons and a daughter. The ten year old daughter of the parties would have to sleep in the room with the daughter of her aunt, and their young son would have to sleep in the room with his mother.

The court evidently believed the testimony of the husband that his wife frequently stayed out late at night. There seems to be little doubt that she was emotionally disturbed. The mother, on the other hand, emphasizes the bad conduct record of the father. This record, however, consists of matters which happened years before—in one case ten years, and in the other case over twenty years, before the hearing.

As was said by Judge WOODSIDE, speaking for this court in *Commonwealth ex rel. Wagner v. Wagner,* 193 Pa. Superior Ct. 40, 163 A. 2d 708 (1960) : "Any experienced trial judge, while conducting a hearing which involves the custody of a child, is observing the parties in the courtroom, not only to appraise the truth of their testimony, but also to evaluate their fitness to have custody of the child. An appellate court has no such opportunity to pass upon the ability and char-

acter of the parties." The hearing judge evidently gave this case most careful consideration and did not lightly reject the application of the tender years doctrine to the situation before him and reach the conclusion that custody should not be awarded to the mother at this time. In custody cases, the paramount consideration is the welfare of the child, and all other considerations, including the rights of parents, are subordinate to the child's physical, intellectual, moral, spiritual and emotional well being. *Commonwealth ex rel. Wagner v. Wagner,* supra. Since the trial judge has indicated that he will watch the matter carefully and modify the order if at any time it becomes evident that it is proper to do so, we feel that the welfare of the children will be best served by leaving his disposition undisturbed until such modification is warranted.

Order affirmed.