# Commonwealth ex rel. Parikh *v.* Parikh, Appellant.

Argued January 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused November 29, 1972.

*Ronald J. Bua,* with him *DeCello, Bua & Manifesto,* for appellant.

*John P. McComb, Jr.,* with him *Charles R. Taylor, Jr.,* and *Moorhead & Knox,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, October 4, 1972:

Sanat Kantilal Parikh (father) and Nayana Sanat Parikh (mother) were married on March 13, 1967, in India and immigrated to Pittsburgh, Pennsylvania, three months later. A son, Rejeev, was born in Pittsburgh on February 16, 1969. The father left for a visit to India during August 1969; the mother and son joined him one month later and the three of them resided at the home of the paternal grandparents. While in India, marital difficulties arose and the mother eventually left the home of the paternal grandparents. Due to an illness contracted by the son in India, the father's business in Pittsburgh and marital difficulties, the father and son returned to Pittsburgh on November 29, 1969. The mother arrived in the United States on August 28, 1970.

The mother immediately filed a habeas corpus petition in the Family Division of the Court of Common Pleas of Allegheny County. After a lengthy hearing, that court denied the relief requested by the mother. While recognizing the "tender years" doctrine, *e.g.*, *Com. ex rel. Ackerman v. Ackerman*, 204 Pa. Superior Ct. 403, 205 A. 2d 49 (1964), it was the considered opinion of the hearing judge that "the best interests and welfare of the child dictate that custody remain with the father." On appeal, the Superior Court reversed the hearing judge over the dissents noted by three judges. *Com. ex rel. Parikh v. Parikh*, 219 Pa. Superior Ct. 240, 280 A. 2d 621 (1971). The Superior Court applied the "tender years" doctrine and concluded that the father did not establish the compelling reasons necessary to rebut the "tender years" doctrine. We granted allocatur.

It is well settled that the best interest of the child is paramount in contests between parents for custody

of minor children. *Cochran Appeal,* 394 Pa. 162, 145 A. 2d 857 (1958) ; *Com. ex rel. Graham v. Graham,* 367 Pa. 553, 80 A. 2d 829 (1951). "While it is generally held that, other factors being equal, a child of tender years should be with the mother, this rule is by no means absolute. Each case must finally rest upon and be determined by its own facts." *Com. ex rel. McLeod v. Seiple,* 193 Pa. Superior Ct. 131, 136 (1960). The mother's right to custody is not absolute, but must yield to the welfare of the child. *Com. ex rel. Bell v. Bell,* 200 Pa. Superior Ct. 646, 189 A. 2d 908 (1963).

The record of the Court of Common Pleas is replete with support for the position that the physical and spiritual well-being of the child will best be promoted by awarding custody to the father. The father has a gross monthly income of $1,100.00. The father has demonstrated a deep affection for his son; devotes all available time to the child; and performs the most menial tasks required for the care and maintenance of his child. The mother has displayed some lack of affection for her son. At the time marital problems arose, Mrs. Parikh was not forced, but chose, to leave her husband and son and take up residence with her parents. The child became ill during his stay in India. However, he recovered upon his return to the United States and there are indications that the Indian climate and diet were responsible for the son's illness. Since the child has resided with his father continuously since November 12, 1969, it is reasonable to expect his relocation would disturb the physical and emotional stability he now enjoys.

The paramount interest of this Court is the welfare of the infant Rajeev. All conflicting considerations, including here the "tender years" doctrine, must be subordinated to the child's physical, intellectual, spiritual and emotional well-being. *Com. ex rel. Thomas v.*

*Gillard,* 203 Pa. Superior Ct. 95 198 A. 2d 377 (1964). To award custody to the mother on the strength of the "tender years" doctrine, under these circumstances, would be to lose sight of the fact that "tender years" is merely the vehicle through which a decision respecting the infant's custodial well-being may be reached where factual considerations do not otherwise dictate a different result. In the present case, we agree with the hearing judge in his finding that the child's best interests dictate custody in the father.

The order of the Superior Court is thus reversed and the order of the Court of Common Pleas, Family Division, is affirmed.

Mr. Justice MANDERINO concurs in the result.

––––––––

DISSENTING OPINION BY MR. JUSTICE EAGEN:

I dissent and would affirm the order of the Superior Court on the opinion of Judge HOFFMAN.

As stated in *Commonwealth ex rel. Fox v. Fox,* 216 Pa. Superior Ct. 11, 13, 260 A. 2d 470, 471 (1969): " *'Unless compelling reasons appear to the contrary* a child of tender years should be committed to the care and custody of its mother, by whom the needs of the child are ordinarily best served .... *One of the strongest presumptions* in our law is that a mother has a prima facie right to her children over any other person ....' " [Emphasis supplied.] This legal principle, the wisdom of which is fortified by centuries of experience has been restated over and over again in Pennsylvania decisions. My study of the instant record fails to disclose *any* compelling reason why the mother of the child here involved should be denied his custody.

The opinion of the majority states: "The record of . . . is replete with support for the position that the physical and spiritual well-being of the child will best

be promoted by awarding custody to the father." The "support" for this conclusion is then detailed. Let us examine this "support" in depth.

First, the majority say the father has a gross monthly income of $1,100. This in itself is certainly not a compelling reason to deny the mother custody. Moreover, it is undisputed that the mother's parents with whom she and the child will reside are very wealthy, judged by the standards in India. Additionally, they reside in Ahmedabad, a city of over one million persons (where both the appellant and appellee lived prior to emigrating to the United States), in a seven-room house on one thousand square feet of land, employing two domestic servants, and are ready and willing to provide financial assistance necessary to the proper care and raising of the child.

Next, the majority say: "The father has demonstrated a deep affection for his son; devotes all available time to the child; and performs the most menial tasks required for the care and maintenance of his child." I do not question the father's devotion, but the record discloses that with the exception of Saturday, Sunday and holidays, the father is necessarily away from his residence for many hours because of his employment. During his absence the care and supervision of the child is left to a woman who lives in another apartment in the same building, and who has three children of her own. On the other hand, if the mother-appellee is given custody, she is able and willing to provide constant attention to the child.

The majority next say: "The mother has displayed some lack of affection for her son." This is based on the father's testimony at the custody hearing in the trial court that the mother never fondled or held the child as mother's are prone to do. This testimony was denied by the mother and the truth was never resolved

by the hearing court, but, even if true, is this a compelling reason to deny the mother custody?

The majority next refer to the child's illness in India which may have been caused by the climate and diet in that country. The illness referred to was not of a serious nature and is one that is very common among children of tender years.

Finally, the majority seeking support for their conclusion that the interests of the child will best be served by awarding custody to the father point out that the child has been in the continuous custody of the father since November 12, 1969. In connection with this the record discloses that without the consent or beforehand knowledge of the mother, the father left India with the child on November 29, 1969. The mother returned to the United States on August 28, 1970, and immediately instituted the present custody proceedings which have been in litigation ever since. As a result of the litigation, custody has remained in the father. Is the mother to be penalized for the delay in finalizing the litigation? More importantly, I am not persuaded that by now giving custody to the mother, the child, who is about three and one-half years of age, will suffer any physical or psychological disturbance.

May I conclude by saying, it is quite evident to me the only basis for the majority decision is the reluctance to permit the child's departure from the United States and the resulting hardship on the father incident to seeing and visiting the child. This, of course, is an unfortunate circumstance to the situation, but it is not sufficient in law to warrant a denial of the mother's right to custody.

Mr. Justice ROBERTS and Mr. Justice POMEROY join in this dissent.