378 A.2d 400

**Benjamin RAMOS, Individually and as the natural father of Madelyn Ramos**

v.

**Adelicia RIOS and Angelo Rios.**

Superior Court of Pennsylvania.

Argued June 17, 1977.

Decided Oct. 6, 1977.

488

Charles C. Shainberg, Philadelphia, for appellant.

Gary A. Rochestie, Philadelphia, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court improperly denied his habeas corpus petition in which he sought to regain custody of his daughter from the child's maternal grandparents. Appellant alleges that the lower court applied an incorrect standard in awarding custody. We agree, and therefore reverse and remand for reconsideration in light of this opinion.

On April 5, 1976, appellant filed a petition for habeas corpus in the Court of Common Pleas of Philadelphia to regain custody of his daughter. At a hearing on June 15, 1976, the evidence showed that Madelyn Ramos was born on March 8, 1975, in Philadelphia to Elizabeth Rios and appellant Benjamin Ramos. Elizabeth died on June 20, 1975, as the result of injuries suffered in an automobile accident on June 17, 1975. After the death of her mother, Madelyn lived with appellant at his parents' home in Philadelphia. On June 30, 1975, Madelyn's maternal grandparents filed a habeas corpus petition in the Court of Common Pleas of Philadelphia. After a hearing on the petition, the lower court awarded custody to the maternal grandparents on September 11, 1975. No appeal followed from that determination.

On November 1, 1975, appellant married Avidavel Colon Ramos and on April 17, 1976, his new wife gave birth to a son. On April 5, 1976, appellant filed the instant petition for habeas corpus in the Court of Common Pleas of Philadelphia. He asserted that his marriage and the expected birth of a second child constituted a change in circumstances which warranted reconsideration of the September 11, 1975 custody award. On June 15 and July 2, 1976, the lower court [1] conducted a hearing. On August 2, 1976, the lower

---

1. The trial court which heard the instant petition is not the one that awarded custody to the maternal grandparents.

court denied the petition and continued custody with appellees. This appeal followed.

Appellant asserts that the lower court applied an incorrect standard in assessing his right to custody. In its opinion, the lower court stated: "It is the 'best interest of the child' which is to be the foremost consideration of every court when making decisions where custody of a minor child is to be placed. *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974)." In *Augustine*, supra, the custody dispute was between natural parents. In such cases, it is well settled that the best interest of the child is paramount. Act of June 26, 1895, P.L. 316, § 2; 48 P.S. § 92; See *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 294, 368 A.2d 635, 637 (1977); *Augustine v. Augustine*, supra; *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972). In determining a child's best interest, a court balances the evidence presented by both parents and awards custody to the party who, by a preponderance of the evidence, demonstrates that the interests of the child would be best served by an award of custody. *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 236, 312 A.2d 58, 62 (1973); *In re Custody of Mickey Hernandez,* 249 Pa.Super. 274 at 280, 376 A.2d 648 at 651 (1977).

In the instant case, the lower court balanced the evidence concerning the fitness of the parties and noted the difficulty it faced in awarding custody when that evidence showed that the best interest of the child would be served by an award to either party:

"In my opinion, I think the child is in very good hands with the grandparents. I think the child would be in good hands with the father. I think the love and affection of all the parties for this child is great, and I am very glad to see it. It does not make my decision any easier; in fact, it makes it more difficult. If I could find there was going to be a lack of care for the child on the part of one party, I could very easily say the other party should have the child, but I do not find that. I find that either party, petitioner, or respondent, in my opinion will rear this child well and

take good care of her. That presents some difficulty to me in rendering this decision." Nevertheless, the court awarded custody to the grandparents.

■ The case at bar, however, involves a contest between a natural parent and third party. Recently, in *In Re Custody of Mickey Hernandez*, supra, our Court re-examined and clarified the applicable case law concerning such disputes [2] and articulated the following standard:[3] ". . . [T]he parents' 'prima facie right to custody' may be forfeited if 'convincing reasons appear that the child's best interest will be served by awarding custody to someone else.' To say that a parent has a 'prima facie right to custody' properly allocates the burden of proof to the third party who is opposing the parent." *Hernandez*, supra, 249 Pa.Super. at 285, 376 A.2d at 654. The basis for this rule is rooted in our Court's long recognized policy favoring retention of custody by natural parents. *Commonwealth ex rel. Sabath v. Mendelson*, 187 Pa.Super. 73, 78, 143 A.2d 665, 667 (1958); *Commonwealth ex rel. Kraus v. Kraus*, 185 Pa.Super. 167, 170, 138 A.2d 225, 226 (1958).

In using the child's best interest as its polestar and in treating the contestants equally in evaluating their fitness, the lower court used a standard applicable to custody disputes between natural parents. However, when the dispute is between a parent and a third party, as in the instant case, we said in *Hernandez*, supra, that ". . . the parties do not start out even . . . [T]he evidentiary scale is

---

2. In *Hernandez*, supra, unlike the instant case, the third parties were unrelated to the child. However, we expressly declined to draw a distinction between the two categories of "third parties": relatives and non-relatives. We stated: ". . . [T]he mere fact of relatedness is not a sufficient reason to impose a lesser burden on the third party relative than on the third party non-relative. Both relative and non-relative should be required to show 'convincing reasons' why the [parent] should not have custody of [the] child." *Hernandez*, supra, 249 Pa.Super. at 287, 376 A.2d 648 at 655.

3. We did not disapprove earlier cases utilizing different standards in contests between natural parents and third parties. Instead, we noted that "such cases should be read in the light of what has been said here." *Hernandez*, supra, 249 Pa.Super. at 286, 376 A.2d 648 at 654.

tipped, and tipped hard, to the parents' side. What the judge must do, therefore, is first, hear all evidence relevant to the child's best interest, and then, decide whether the evidence on behalf of the third party is weighty enough to bring the scale up to even, and down on the third party's side." *Hernandez,* supra, 249 Pa.Super. at 286, 376 A.2d at 654. It is clear, then, that the lower court applied an incorrect standard in awarding custody to the appellees.

Because the lower court did not have the benefit of our decision in *Hernandez,* supra, and, therefore, failed to give sufficient weight to the appellant's "prima facie right" as a parent, we must vacate the order of the lower court and remand for reconsideration in light of this opinion.

Order vacated and case remanded for proceedings consistent with this opinion.

WATKINS, President Judge, and VAN der VOORT, J., concur in the result.