378 A.2d 951

**Kay C. LOUGH**

v.

**George CHARNEY, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 1977.
Decided Oct. 6, 1977.

David A. Johnston, Jr., Harrisburg, for appellant.

Mark S. Fenice, Harrisburg, with him Meyers & Desfor, Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

Petition for a Writ of Habeas Corpus was filed by appellee Kay Lough on August 4, 1976, in an attempt to regain custody of two of her minor children (Eileen, age 13, and Ann, age 11) from her former husband, appellant George Charney. A hearing was held on September 3, 1976, at which time custody was awarded to Mrs. Lough. Appeal was taken from the Order of September 3, 1976.

The lower court, in its opinion in support of the custody order, stated that "[t]he well documented rule in Pennsylvania is that in the absence of compelling reasons to the contrary, a mother has the right to custody of her children over any other person, particularly when the child is of tender years." Our Supreme Court, in *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977), indicated that this rule, known as the tender years doctrine, was offensive to the concept of equality of the sexes. Although it did not *expressly* abolish the rule, the Supreme Court left little doubt that the doctrine was offensive to the Pennsylvania Constitution. In the case before us, at oral argument appellant argued that the lower court erroneously applied the tender years doctrine. In light of *Spriggs* we agree. This case must be remanded in order to permit the lower court to make an award of custody based solely on the

best interests of the children. *Commonwealth ex rel. Myers v. Myers,* 468 Pa. 134, 136, 360 A.2d 587, 588 (1976).

■ Appellant argues that the lower court erred in refusing to permit the maternal grandparents to testify for appellant; therefore, the question remains whether it is sufficient to merely remand the record to allow the lower court to apply the proper rule of law to the facts, or whether a new hearing will be required. Appellant's attorney stated at the hearing that he wanted to have the grandparents testify regarding living conditions. The lower court stated that this would not be necessary since the court found no problem with either home. No objection was made to the court's refusal to accept the testimony, and no mention of this refusal was made in appellant's subsequent Statement Of Matters Complained Of. We therefore find that appellant waived the right to raise this issue on appeal. Since the record is complete and since the only error was in the application by the lower court of the law to the facts, we remand this case to permit the lower court to review the record in light of *Spriggs* and to make an award based solely on a determination of the best interests of the children.

HOFFMAN, J., files a concurring and dissenting opinion in which PRICE and SPAETH, JJ., join.

HOFFMAN, Judge, concurring and dissenting:

Appellant contends that the custody award of his two children to appellee, their mother, was erroneous because the lower court incorrectly applied the doctrine of tender years and refused to allow the maternal grandparents to testify on appellant's behalf with regard to living conditions. I agree with the Majority that the case must be remanded for a custody award based on the best interests of the children. *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977) (plurality opinion); *Commonwealth ex rel. Myers v. Myers,* 468 Pa. 134, 360 A.2d 587 (1976). However, I also believe that the lower court erred in refusing to permit the maternal grandparents to testify.

Because of the special nature of custody cases and the paramount importance of the child's best interests, the hearing court must evaluate all circumstances which may affect its determination. Testimony regarding living conditions may certainly reveal circumstances affecting the award of custody, especially when the maternal grandparents present such testimony on the father's behalf. The Majority concludes that appellant has waived the lower court's error by failing to object to the excluded testimony. However, as our Court held in *Gunter v. Gunter,* 240 Pa.Super. 382, 361 A.2d 307 (1976) the contention that appellant waived a lower court error by failing to object to it mistakes the nature of a custody hearing. The sole purpose of a custody hearing is a determination of what is in the best interests of the child; all other considerations are subordinate. *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 296 A.2d 625 (1972); *Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 292 A.2d 380 (1972).

Accordingly, on remand I would instruct the lower court to evaluate the best interests of the children after consideration of all relevant factors, including the grandparents' testimony.

PRICE and SPAETH, JJ., join in this concurring and dissenting opinion.