410 A.2d 365

COMMONWEALTH of Pennsylvania ex rel. David J. SLATER, Appellant,

v.

Regina T. SLATER, now by marriage known as Regina T. Richardson.

Superior Court of Pennsylvania.

Argued June 14, 1979.

Filed Sept. 14, 1979.

Petition for Allowance of Appeal Denied Nov. 26, 1979.

William E. Haggerty, Lancaster, for appellant.

Michael E. Georgelis, Lancaster, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.

PER CURIAM:

We have reviewed the record in this case and agree with the lower court that the testimony set forth in pages 11–13, 21–26, 44–51, 66–69, 79–83, 94–97 and 107 of the transcript of the hearing held on August 28, 1978, is such that the visitation and temporary custody rights of the mother with respect to her daughters must be modified. We disagree, however, with that portion of the lower court's order concerning custody of the son, John. While it is true that there is no evidence that John himself has been abused by his stepfather in the same way as his sisters have been abused, nevertheless, the testimony concerning the treatment of the sisters reflects so adversely on the home environment of the mother and stepfather that we are compelled to conclude that John would be better off living with his father and sisters than he would be if he continued to live in a home dominated by his stepfather. *Cf. In re Davis*, 237 Pa.Super. 516, 352 A.2d 78 (1975) (custody denied mother living with paramour who had been unfeeling and unduly harsh with child); *Commonwealth ex rel. Bowser v. Bowser*, 224 Pa.Super. 1, 302 A.2d 450 (1973) (conduct of stepfather adverse to best interest of child). Moreover, if custody of John is awarded to the father, John will have the opportunity to be raised in the same house with his sisters.

That portion of the lower court's order modifying the mother's temporary custody and visitation of her daughters is affirmed. That portion of the lower court's order directing that custody of John remain in the mother is reversed and custody of John is granted to the father.