420 A.2d 692

**COMMONWEALTH of Pennsylvania, ex rel. MARY ANN S., Appellant,**

v.

**DANIEL S.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed June 6, 1980.

Vincent J. Roskovensky, II, Uniontown, for appellant.

Robert L. Webster, Uniontown, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Appellant–mother has appealed from two orders of the lower court, one granting appellee–father custody of their four year old daughter Heather, and the other delineating appellant's right to visit Heather.

In *Lewis v. Lewis*, 267 Pa.Super. 235, 239–240, 406 A.2d 781, 783–784 (1979), this court stated:

It is settled that the paramount concern in a child custody proceeding is to determine what is in the best interests of the child. *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972); *Sipe v. Shaffer*, 263 Pa.Super. 27, 396 A.2d 1359 (1979). In a contest

between parents, each party bears the burden of proving that an award to that party would be in the best interests of the child. *In re Custody of Hernandez,* 249 Pa.Super. 274, 376 A.2d 648 (1977). The award must be based on the facts of record and not on mere presumptions; in particular, the tender years presumption is no longer recognized, *Sipe v. Shaffer, supra*; *McGowan v. McGowan,* 248 Pa.Super. 41, 374 A.2d 1306 (1977).

In order to ensure that the best interests of the child will be served, the appellate court will engage in a comprehensive review of the record. *Scarlett v. Scarlett,* 257 Pa.Super. 468, 390 A.2d 1331, (1978); *In re Custody of Myers,* 242 Pa.Super. 225, 363 A.2d 1242 (1976). Thus, while it will defer to the lower court's findings of fact, the appellate court will not be bound by the deductions or the inferences made by the lower court from those facts, but will make an independent judgment based upon its own careful review of the evidence. *Sipe v. Shaffer, supra*; *Scarlett v. Scarlett, supra.* In conducting this review, the appellate court will look to whether all the pertinent facts and circumstances of the contesting parties have been fully explored and developed. *See Sipe v. Shaffer, supra*; *Gunter v. Gunter,* 240 Pa.Super. 382, 361 A.2d 307 (1976). It is the responsibility of the lower court to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself. *See Commonwealth ex rel. Cox v. Cox,* 255 Pa.Super. 508, 388 A.2d 1082 (1978). After fulfilling this responsibility to ensure a complete record, the court must file a comprehensive opinion containing its findings and conclusions. *See Valentino v. Valentino,* 259 Pa.Super. 395, 393 A.2d 885 (1978); *Gunter v. Gunter, supra.* Only with the benefit of a full record and full opinion can the appellate court hope to fulfill its responsibility of conducting its own careful review. *Valentino v. Valentino, supra.* Where the record is incomplete or the opinion of the lower court is inadequate, the case will be remanded. *See Valentino v. Valentino, supra*; *Commonwealth ex rel. Forrester v. Forrester,* 258

Pa.Super. 397, 392 A.2d 852 (1978); *Commonwealth ex rel. Cox v. Cox, supra.*

Here, the lower court initially expressed a desire to have the Fayette County Children and Youth Services conduct an investigation of the case. Consistent with this expression, on June 13, 1979, the court entered an order stating that no custody order would be entered until it had had a chance to receive and review the Fayette County Children and Youth Services report. For a reason not apparent on the record, however, the lower court changed its mind, and on July 6, without notice to the parties, and without benefit of the report, it entered its custody order.

We believe that the court should have awaited the report. The record, as it stands now, cannot be characterized as a "full" or "complete" record, enabling either the lower court or this court to make a "penetrating and comprehensive inquiry" of what is in Heather's best interests. *Lewis v. Lewis, supra.* Instead, the record is very brief and focuses on appellant's relationship with her lover.

We shall therefore remand so that the lower court may order the Fayette County Children and Youth Services to investigate the case. Upon receipt of the agency's report, the court should advise the parties and conduct a further hearing. *See Commonwealth ex rel. Oncay v. Oncay,* 153 Pa.Super. 569, 34 A.2d 839 (1943). *See also Rummel v. Rummel,* 263 Pa.Super. 97, 397 A.2d 13 (1979). After ensuring that the record is complete, the court should enter another custody order, accompanied by "a comprehensive opinion containing its findings and conclusions." *Lewis v. Lewis, supra.*

For the time being, we shall leave the lower court's visitation order undisturbed. We assume that when the new custody order is entered, a new visitation order will also be entered.

Reversed and remanded for proceedings consistent with this opinion.