500 A.2d 894

**John M. SUROVIEC and Gloria V. Suroviec, His Wife**

**v.**

**Robert MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Nov. 22, 1985.

Michael J. Visnosky, Erie, for appellant.

Before CAVANAUGH, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This case is an appeal from a judgment entered upon an order granting appellees grandparents' petition for visitation with their grandchildren. Appellant, Robert Mitchell, is the natural father of Robin (born March 3, 1973) and Robert (born May 1, 1975) Mitchell. The children's natural mother, Rebecca Suroviec Mitchell, daughter of appellees, is now deceased. During the three years before Rebecca's death, Rebecca and Robert Mitchell and their children resided with the Suroviecs. The Suroviecs cared for Rebecca, who suffered from multiple sclerosis, and cared for the children. After Rebecca's death, Robert, along with the children, moved out of the Suroviec household. Robert then married Sandra Omniewski, who adopted the children. Robert and Sandra retain custody of the children.

Pursuant to the trial court order the Suroviecs may visit their grandchildren on the third Sunday of each month from 1:00 P.M. to 6:00 P.M.. At the time of the trial court order the children were aged eleven and eight. Robert Mitchell appeals from the order granting this visitation, and seeks to terminate the Suroviecs' visitation. We affirm.

Our supreme court has stated that in custody and visitation cases the scope of appellate review "is of the broadest type, and we are not bound by deductions or inferences made by a trial court.... We must exercise an independent judgment based on the evidence and make such an order on the merits of the case as right and justice dictate." *Commonwealth ex rel. Zaffarano v. Genaro,* 500 Pa. 256, 262, 455 A.2d 1180, 1183 (1983), quoting *Commonwealth ex rel. Pierce v. Pierce,* 493 Pa. 292, 296, 426 A.2d 555, 557 (1981).

The Custody and Grandparents' Visitation Act (CGVA) provides that:

> If an unmarried child has resided with his grandparents or great-grandparents for a period of 12 months or more, and is subsequently removed from the home by his parents, the grandparents or great-grandparents may petition the court for an order granting them reasonable visitation rights to the child. The court shall grant the petition if it finds that visitation rights would be in the best interest of the child and would not interfere with the parent-child relationship.

23 Pa.C.S. § 1014.

■ We have stated that "the hearing judge has the opportunity to observe the demeanor of the witnesses and therefore is in the best position to determine their credibility and sincerity." *Commonwealth ex rel. Miller v. Miller,* 329 Pa.Super. 248, 255, 478 A.2d 451, 455 (1984). Thus, in exercising our independent judgment we are mindful of the fact that the trial judge had the opportunity to meet with the parties and observe their testimony. He spoke with the children in chambers and listened to the expert psychological testimony. He was able to directly evaluate the chil-

dren's needs based on his first-hand observation of the children, the experts and the relatives.

■ Our review of the entire record in this case satisfies us that the trial court's determination is a right and just resolution based on the merits of the case. It is a resolution which is in the best interests of the children. As with the *Miller* case, *id.*, the visitation schedule involves only short periods of time. We agree with the trial court that these brief visits will not unduly interfere with the parent-child relationship.

In the case of *Faust v. Messinger*, 345 Pa.Super. 155, 497 A.2d 1351 (1985), this Court recently affirmed the trial court's denial of a grandmother's visitation rights with her grandson following his adoption. In *Faust*, the child's father killed the child's mother and was imprisoned. The child was adopted by a couple in a proceeding wherein the natural father relinquished his parental rights to the boy. A year and a half later, the child's natural maternal grandmother filed a complaint for custody and a petition to intervene in the adoption *nunc pro tunc*. The trial court dismissed both her custody claim and her request to intervene in the adoption proceeding.

On appeal the grandmother advanced the arguments that she had been denied procedural due process by the adoption proceeding and that she should be granted visitation under the CGVA.

This Court rejected her due process claim on two grounds. First, her argument failed because she had not complied with Pa.R.C.P. 235 and Pa.R.A.P. 521 which require notice to the attorney general of a constitutional attack on a statute. Second, her due process claim failed because under the CGVA she was entitled only to an opportunity to seek visitation, which could be granted or denied as the best interests of the child would dictate.

This Court denied her request for visitation under the CGVA saying that "appellant's statutory entitlement to seek visitation with her grandson ended when the adoption

decree was granted." *Faust v. Messinger,* 345 Pa.Super. at 160, 497 A.2d at 1353. This finding was based on the fact that when a child is adopted by a couple who were previously unrelated to the child, the family relationships are severed with the natural family and established with the adopting family.

The *Faust* case has no bearing on the present situation which involves a stepparent adoption. The *Faust* statement that "an adoption decree terminates the visitation rights of a grandparent regardless of their basis, 23 P.S. § 1015," 345 Pa.Super. at 158, 497 A.2d at 1352, is limited to its facts. It applies only if a child is adopted by both a new mother and a new father who were previously unrelated to the child. It does not apply, as in this case, when a child is adopted by a stepparent. 23 Pa.C.S. § 1015.

Accordingly, we affirm the judgment entered upon the order granting the Suroviecs' Petition for Visitation Privileges.

Judgment affirmed.