## Heiss v. Eckert

*Henry C. Haefner,* for plaintiff.
*Robert H. Reese Jr.,* for defendants.

STENGEL, *J.,* August 21, 1991—This is a child custody case in which a grandmother is seeking partial custody of her two infant grandchildren.

Goldie Heiss is the grandmother of Celeste and Sierra Brown, who were born on March 28, 1990. Their parents are defendants Beth Ann Eckert and Reed W. Brown, who are not married but who live together with the twins and one other child in Lititz, Pennsylvania. Celeste and Sierra have been residing with their parents since birth. The children have never resided with the grandmother, the parents reside together and neither parent is deceased.

Defendants filed preliminary objections asking the court to strike the complaint for the reason the grandmother does not have a legal right to the partial custody she seeks. The parents contend that a grandparent has custody or partial custody rights only in certain specific instances determined by the Custody and Grandparent Visitation Act, 21 Pa.C.S. §1001 et seq.

Plaintiff grandmother argues that she has a common-law right to partial custody as a grandparent and that the statute addresses certain specific situations but should not limit the custody rights of a grandparent.

There are three issues before the court: (1) whether the Custody and Grandparent Visitation

Act limits instances where grandparents can seek custody or partial custody; (2) whether plaintiff qualifies for partial custody under the act; and (3) whether a grandparent has a right to request custody or partial custody.

Pursuant to the Custody and Grandparent Visitation Act, a grandparent may petition for custody of children under three specific circumstances: (1) when a parent of an unmarried child is deceased, 23 Pa.C.S. §5311; (2) when the parents' marriage is dissolved or the parents are separated, 23 Pa.C.S. §5312; or (3) when an unmarried child has resided with a grandparent for a period of 12 months or more and is subsequently removed from the home by his or her parents, 23 Pa.C.S. §5313.

On the face of the complaint in this case, it is clear that plaintiff/grandmother does not qualify under section 5311 or section 5313. Both parents of the children in question are alive and there is no showing that the children resided with the grandmother for a period of 12 months or more.

Whether section 5312 should apply in this case presents some interesting questions. Section 5312 provides:

"In all proceedings for dissolution, subsequent to the commencement of the proceeding and continuing thereafter or when parents have been separated for six months or more, the court may, upon application of the parent or grandparent of a party, grant reasonable partial custody or visitation rights, or both, to the unmarried child if it finds that visitation rights or partial custody, or both, would be in the best interest of the child and would not interfere with the parent-child relationship. The court shall consider the amount of personal contact between the parents or grandparents of the party and the child prior to the application." 23 Pa.C.S. §5312.

This section of the act permits grandparent visitation or partial custody after a divorce proceeding begins or after the parents have been separated for six months or more. Can this section be applied in a situation where the parents are unmarried, but residing together? Does this section suggest a policy in favor of grandparent visitation in those cases where the parties have initiated a divorce action or have been separated for more than six months? Clearly, the answer to the second question would appear to be "yes." Section 5312 contemplates a request for grandparent visitation after the divorce complaint is filed but imposes no requirement that there be a separation while the divorce is pending. It is not clear whether this section applies directly to this case but it certainly suggests that grandparent visitation ought to be considered, if not strongly encouraged, where the parents of the child are separated or their marriage is ending. While the court does not mean to suggest that the natural parents of the children are less committed to the child or to each other because they are unmarried, there does appear to be a heightened preference toward grandparental visitation where the natural parents of the child do not live together in the context of a formal marriage.

Further, section 5312 does not *require* that the grandparents have visitation if the parents' marriage is dissolving or if they have been separated. Rather, the court is to consider the amount of contact between the parents or grandparents of the natural parent and the child prior to the application for visitation and, as in all custody inquiries, consider what would be in the best interest of the child. The court is also directed to consider whether grandparent visitation would interfere with the parent/child relationship. As in all custody cases, the analysis of

a request for partial custody under section 5312 should center on the best interest of the child.

It is important to note that each of the three circumstances outlined in the Custody and Grandparent Visitation Act is permissive, not mandatory. In each event, the statute provides that the grandparent *may* be granted partial custody or visitation rights. While the statute outlines very clearly three instances in which a grandparent may petition for partial custody, the statute cannot be read to provide exclusive rights to partial custody under the circumstances outlined in the statute.

It appears that the Custody and Grandparent Visitation Act did not alter the present state of the law, but codified law which had evolved through various appellate decisions dealing with grandparents' rights in seeking visitation and/or custody. *Johnson v. Diesinger,* 404 Pa. Super. 41, 589 A.2d 1160 (1991); *Hughes v. Hughes,* 316 Pa. Super. 505, 463 A.2d 478 (1983).

Our courts have consistently held that the guiding polestar in any custody or partial custody case remains the best interest of the child. *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 296 A.2d 625 (1972); *Bucci v. Bucci,* 351 Pa. Super. 457, 506 A.2d 438 (1986); *Hughes v. Hughes, 316 Pa. Super. at 509, 463 A.2d at 480.*

It is clear that grandparents should see their grandchildren, children should have an opportunity to know, to love and to learn from their grandparents and the family should be encouraged at every step to nurture and explore these important relationships. However, whether these important relationships rise to the level of the parent/child relationship for purposes of legal enforcement of custody rights is another question.

This court has found no case establishing a specific common-law right of a grandparent to enjoy partial custody. However, the cases are legion which require the court to consider the best interest and welfare of the child. While there is no common-law right to grandparent visitation, the policy in Pennsylvania has been that grandparent visitation is preferred unless there are overriding factors such as intense animosity between the adults involved. See *Bishop v. Piller,* 399 Pa. Super. 52, 581 A.2d 670 (1990). See also, *Bucci, supra; Suroviec v. Mitchell,* 347 Pa. Super. 399, 500 A.2d 894 (1985); *Commonwealth ex rel. Miller v. Miller,* 329 Pa. Super. 248, 478 A.2d 451 (1984).

While there does not appear to be a common-law right to grandparent visitation or partial custody, it is clear that the courts are required to consider the best interest of the child in any matter affecting partial custody or custody. If partial custody with a grandparent is determined to be in the best interest of the child, then it appears that the court should be afforded the opportunity to consider, and the grandparents afforded the opportunity to argue, whether grandparent visitation is appropriate in a given case.

The Custody and Grandparent Visitation Act provides three circumstances under which grandparent visitation is strongly preferred and, in fact, recommended. It is not, however, required under the act. We read the act as enabling or encouraging grandparent visitation under certain circumstances. We do not read the act as exclusive.

We believe the circumstances outlined in the Custody and Grandparent Visitation Act are circumstances in which the best interests of the child are almost certainly served by grandparent visitation. This does not mean there are no other circum-

stances under which grandparent visitation should be considered or permitted.

It may well be in this case that visitation by the grandmother may not be in the best interests of the children. This can only be determined after a consideration of the facts. For this reason, the complaint for partial custody will not be dismissed on preliminary objections.

Accordingly, we enter the following

## ORDER

And now, August 21, 1991, upon consideration of the complaint for partial custody, the preliminary objections of defendants and the briefs of counsel, it is hereby ordered that the said preliminary objections be denied.