**Fantom v. Jones**

*Francine Z. Taylor,* for plaintiff.
*James R. Adams,* for defendant.

HUMMER, *J.,* March 1, 1993 — In this custody case, the court must address Theodore and Susan Jones' preliminary objections to Joan Fantom's complaint for visitation filed in December 1992.

Ms. Fantom's complaint involves a child born out of wedlock to her daughter, Barbara Fry, and Tomas Echevarria. The child, Tomas Echevarria Jones (Tomas Jr.) was born September 8, 1985. Ms. Fantom is the natural maternal grandmother of Tomas Jr. and Theodore and Susan Jones are the adoptive parents of Tomas Jr.

Tomas Jr. resided for two years with his natural parents, then for the next 18 months, he resided solely with his natural mother. His residence with the natural mother was abruptly shortened by her death on March 10, 1989. The natural father turned Tomas Jr. over to the Joneses and terminated his parental rights over the child on July 30, 1990. The Joneses officially adopted Tomas Jr. on October 30, 1990.

Ms. Fantom alleges in her complaint that, from birth until his adoption, Tomas Jr. was frequently in her care. The periods of care allegedly were for as much as five days at a time. Ms. Fantom also alleged that she cared for the adoptive parents' natural daughter, Sarah.

After the adoption, relations between the above-captioned parties soured and Ms. Fantom was denied visitation.

The issue presented in this case is whether the plaintiff, Joan Fantom, has stated a cause of action for visitation.[*]

## DISCUSSION

Under Pennsylvania statute, visitation by grandparents is allowed in three distinct cases: (1) when a parent of

---

[*] The court, based on Pa.R.C.P. 1028(a)(4), determined that no hearing is necessary to resolve this matter because the question of law presented may be decided from the facts of record. See notes to Rule 1028.

an unmarried child is deceased, 23 Pa.C.S. §5311; (2) when the parents' marriage is dissolved or the parents are separated, 23 Pa.C.S. §5312; or (3) when an unmarried child has resided with a grandparent for a period of 12 months or more and is subsequently removed from the grandparents' home by his or her parents, 23 Pa.C.S. §5313. In section 5314, it is set forth that the above sections granting either custody or visitation to grandparents do not apply if the child is adopted by a person other than a stepparent or grandparent. In that circumstance, any visitation rights granted prior to the adoption will be automatically terminated. 23 Pa.C.S. §5314.

Although not an issue of first impression, there are few cases dealing with the combined issue of grandparent visitation and adoption. In *Faust v. Messinger,* 345 Pa. Super. 155, 497 A.2d 1351 (1985), *appeal denied,* 514 Pa. 286, 523 A.2d 741 (1987), the court held that a grandmother's statutory entitlement to seek visitation with her grandson ended when an adoption decree with respect to her grandson was granted. The basis for this decision is that all ties with the child's natural family should be eradicated. The holding of *Faust* was explained in *Suroviec v. Mitchell,* 347 Pa. Super. 399, 500 A.2d 894 (1985), where the court held that the rule that an adoption decree terminates visitation rights of grandparents, regardless of the basis of such rights, applies only if a child is adopted by a new mother and a new father, both of whom were unrelated to the child.

Recently the Supreme Court heard the case of *In re Adoption of Hess,* 530 Pa. 218, 608 A.2d 10 (1992), wherein they explicitly held that grandparents may be

permitted to participate in the adoption proceedings. The facts of *Hess* are as follows: (1) the natural parents of two children executed consents to adoption and terminated their parental rights; (2) Family and Children's Services was granted full authority to consent to the adoption, however, they objected to the adoption of the children by the grandparents and refused to allow the grandparents to participate in the adoption proceedings; (3) the children had lived with their grandparents; and (4) the grandparents had custody of the children's siblings. *Id.*

The *Hess* case is distinguishable because, in the case at bar, Ms. Fantom, unlike the grandparents in *Hess,* was permitted to participate in the adoption proceedings and given the opportunity to seek adoption of Tomas Jr. Further, Ms. Fantom actually testified at the adoption hearing as to her opposition to the adoption. Therefore, before decreeing the adoption, the judge presiding over Tomas Jr.'s adoption proceedings witnessed and fully considered all relevant testimony and demeanor of the adoptive parents and Ms. Fantom.

The facts of the instant case fall squarely within the purview of 23 Pa.C.S. §5314. Here, the natural mother of the child is deceased and the child has been adopted by Theodore and Susan Jones, individuals wholly unrelated to him. Under these circumstances, the law provides that visitation rights of the natural grandparents of the child are automatically terminated upon adoption.

The court finds that the statutory law of the Commonwealth mandates a dismissal of Ms. Fantom's complaint for visitation. Therefore, based on the foregoing analysis, the court enters the following

## ORDER

And now, March 1, 1993, after full consideration of Theodore and Susan Jones' preliminary objections to Joan Fantom's complaint for visitation, Joan Fantom's response to preliminary objections, briefs filed by both parties and the statutes directly relating thereto, this court dismisses and denies the complaint for visitation and any relief sought therewith.