J-A23022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.S. AND L.S., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| J.S. AND R.L.S., | |
| Appellees | No. 301 WDA 2014 |

Appeal from the Order entered February 7, 2014,
in the Court of Common Pleas of Butler County,
Civil Division, at No(s): 09-90120-C2

BEFORE:  DONOHUE, ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED OCTOBER 30, 2014**

D.S. and L.S. ("Grandparents") appeal from the order which, *inter alia*, dismissed their Petition for Reinstatement of Custody Action and for Modification.  In their petition, Grandparents requested that they be awarded custodial time with their minor grandson, S.S., born in June of 2006 ("Child").  We affirm.

The trial court summarized the relevant factual and procedural history as follows.

> [J.S.] (hereinafter "Father") and [R.S.] (hereinafter "Adoptive Mother") are the parents of the minor child in the herein custody matter, [Child].  Father and Adoptive Mother are married and live as an intact family with [Child]. [Grandparents] are the paternal grandparents of the child.  [J.S.] (hereinafter "Natural Mother") is the child's biological mother.
>
> The initial Complaint for Custody in this matter was filed by Father against Natural Mother in 2009.  Following a Custody

Conciliation it was Ordered that primary physical custody of the child would remain with Father. It was further Ordered that Natural Mother would be entitled to have contact with the child as the parties agree.

On September 16, 2011, Grandparents filed a Custody Complaint against Father. At that time Grandparents asserted standing to file the custody action pursuant to 23 Pa.C.S.A. § 5324(2), claiming that they stood in loco parentis for the child, and pursuant to 23 Pa.C.S.A. § 5325(2), as the biological parents of the child are separated. Following a Custody Conciliation, an Order of Court was entered on November 1, 2011, which provided that Father would have primary physical custody subject to Grandparents' partial custody. Although Natural Mother's whereabouts were unknown, she was joined to the action.

On December 8, 2011, Natural Mother filed a Counter-Claim for Custody. After a further Conciliation it was Ordered that the status quo would be maintained with Father having primary custody of the child and Grandparents having partial custody. It was further Ordered that Natural Mother and the child would undergo therapeutic reunification counseling.

At the time and place for a further Custody Conciliation in August of 2012, Grandparents did not appear and were not represented by counsel. Therefore, Grandparent[s'] claim for custody was dismissed by Order of Court entered on August 28, 2012. They did not object to the dismissal. It was further Ordered that Father would retain primary physical custody of the child, with Natural Mother having therapeutic supervised partial custody.

On March 13, 2013, Natural Mother agreed to a voluntary termination of parental rights and executed a Consent to Adoption. Accordingly, a Consent Order was entered closing the custody matter between Father and Natural Mother. Following a hearing on June 7, 2013, a Final Decree in Adoption was entered, recognizing the child's stepmother, [Adoptive Mother] as the legal mother of [Child]. From that day forward [Child] continued to reside with Father and Adoptive Mother as an intact family.

Order of Court, 2/7/14, at 1-3.

On December 26, 2013, Grandparents filed their Petition for Reinstatement of Custody Action and for Modification. In the petition, Grandparents explained that they "willing[ly] did not appear and did not request that their counsel appear on their behalf" at the custody conciliation of August 9, 2012. Petition for Reinstatement of Custody Action and for Modification, 12/26/13, at 6. Grandparents averred that "they and Father had been working well together and Father had been willing[ly] cooperating to ensure that they had the custody time under the January 25, 2012 Order of Court." *Id.* According to Grandparents, "Father indicated that he would continue to do so and that the involvement of the Court was no longer necessary. It was on that basis that Paternal Grandparents did not appear at the August custody conciliation." *Id.*

Grandparents claimed, however, that "Father has gradually and continually restricted the Paternal Grandparent[s'] time with emotional detriment to the child." *Id.* Specifically, Grandparents averred that the last time they saw Child "was approximately [the] end of October 2013/beginning of November 2013," and that Father "has reduced them [to] seeing their grandson [] every three (3) week[s] for approximately three (3) hours." *Id.* at 6-7. Grandparents requested that "their custody action be reinstated and that they be provided with substantial o[r] partial custody time at least equal to the prior Orders of Court dated November 1, 2011 and January 25, 2012." *Id.* at 7.

On January 23, 2014, Father filed preliminary objections and an emergency motion to dismiss to Grandparents' petition. In his preliminary objections, Father contended, *inter alia*, that Grandparents lacked standing to pursue custody of Child. That same day, Grandparents responded by filing an answer, new matter, and request for sanctions. Argument on Father's preliminary objections occurred on January 30, 2014.

On February 7, 2014, the trial court entered an order which dismissed Grandparents' petition. Grandparents timely filed a notice of appeal, as well as a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

Grandparents raise the following issues for our review:

A. Whether the [t]rial [c]ourt erred in ruling the adoption of [Grandparents'] grandson by his stepmother had terminated their standing to seek custody with respect to him?

B. Whether the [t]rial [c]ourt erred in finding that [Grandparents'] standing to seek custody was terminated because their prior custody action had been dismissed after their standing was recognized and custody time was granted to them?

C. Whether the lower court erred in its[] interpretation and application of 23 Pa.C.S.A. § 5326, 23 Pa.C.S.A. § 2102, *Rigler v. Treen*, 660 A.2d 111 (Pa.[]Super. 1995) and *Suroviec v. Mitchell*, 500 A.2d 894 (Pa.[]Super. 1985)?

Grandparents' Brief at 8.

Grandparents' issues involve questions of law. As a result, our standard of review is *de novo*, and our scope of review is plenary. ***P.T. v. M.H.***, 953 A.2d 814, 817 (Pa. Super. 2008).

- 4 -

Instantly, the trial court dismissed Grandparents' petition on the basis that they had "not properly filed a custody complaint" pursuant to Pa.R.C.P. 1915.3(a), which states that, "[e]xcept as provided by subdivision (c), an action shall be commenced by filing a verified complaint substantially in the form provided by Rule 1915.15(a)." Order of Court, 2/7/14, at 3-4. The court reasoned that Grandparents had failed to plead facts sufficient to establish standing, and that the fact that Grandparents may have had standing in the past did not exempt them from having to demonstrate standing now. *Id.*; Trial Court Opinion, 3/19/14, at 2-4. The court proceeded to consider whether Grandparents had standing, "for the purpose of judicial economy," and concluded that they did not. Order of Court, 2/7/14, at 4.

In response, Grandparents raise several arguments concerning their standing to bring a custody action. Grandparents direct our attention to the language of 23 Pa.C.S.A. §§ 5325(2), and 5326, as well as several decisions by this Court, including **Rigler v. Treen**, 660 A.2d 111 (Pa. Super. 1995), and **Suroviec v. Mitchell**, 500 A.2d 894 (Pa. Super. 1985), which they assert demonstrate their current standing to seek custody of Child.

After a thorough review of the record, we conclude that Grandparents are not entitled to relief. Even if Grandparents are correct that they have standing to seek custody of Child, and even if they pled sufficient facts to establish standing, they did not properly commence a custody action. Here, Grandparents filed a petition to "reinstate" their prior custody case. Our

Rules of Civil Procedure do not permit a petitioner to simply "reinstate" a dismissed custody action at their convenience. Rather, a party seeking custodial rights to a child must file a complaint in substantial compliance with our Rules of Civil Procedure. *See* Pa.R.C.P. 1915.3(a), *supra*.

Further, even if we were to treat Grandparents' petition as the functional equivalent of a custody complaint, we would still conclude that this pleading did not comply substantially with the requirements of Rule 1915.15(a) and, as a result, was inadequate to commence a custody action. Most critically, Grandparents did not include with their petition a "Criminal Record/Abuse History Verification." *See* Pa.R.C.P. 1915.15(a); Pa.R.C.P. 1915.3-2 ("The petitioner **must** file and serve with the complaint, or any petition for modification, a verification regarding any criminal or abuse history of the petitioner and anyone living in the petitioner's household.") (emphasis added).[1]

We thus affirm the order dismissing Grandparents' petition. In light of our conclusion that Grandparents failed to properly commence a custody action, we need not address their arguments concerning standing, and we express no opinion as to whether Grandparents have standing. We simply acknowledge that Grandparents were required to file a proper custody complaint, and that they have failed to do so.

---

[1] While our reasoning does not match that of the trial court, "[i]f we determine that the trial court ruling is correct, we can affirm on any basis supported by the record." *R.M. v. J.S.*, 20 A.3d 496, 506 n.8 (Pa. Super. 2011) (citation omitted).

Order affirmed.

Judge Donohue joins the memorandum.

Judge Musmanno concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2014